Jerrica L. **SANDERS**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 92A04–0410–CR–548.

Court of Appeals of Indiana.

April 22, 2005.

Transfer Denied July 13, 2005.

Patricia Caress· McMath, Indianapolis, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

SHARPNACK, Judge.

Jerrica L. Sanders appeals the trial court's revocation of her probation. Sanders raises two issues, which we revise and restate as:

I. Whether the trial court followed the proper procedures when revoking Sanders's probation; and

II. Whether the trial court abused its discretion by ordering Sanders to serve her suspended sentence.

We affirm.

The facts most favorable to the revocation follow. In November 2000, Sanders pleaded guilty to forgery as a class C felony in exchange for the State's dismissal of her other pending charges of theft as a class D felony and failure to appear as a class C felony. In February 2001, the trial court sentenced Sanders to a five-year suspended sentence and placed Sanders on probation. When enhancing Sanders's sentence, the trial court found Sanders's criminal history, substance abuse history, and failure to comply with mental health treatment to be aggravating circumstances, and it found her physical and mental health conditions to be mitigating circumstances.

In February 2004, the State filed a petition alleging that Sanders had violated her probation and alleged that she: (1) had been convicted of hindering and obstructing in Michigan; (2) had been convicted of driving while suspended in Michigan; (3) had a pending charge for retail fraud in Michigan; and (4) had tested positive for marijuana use. The State subsequently amended the petition three times and added allegations that Sanders: (1) had failed to appear for two appointments with her probation officer; (2) had pending charges on two felony counts of possession of a controlled substance with intent to deliver in West Virginia; (3) had operated a vehicle with a suspended license in West Virginia; and (4) had tested positive for cocaine use.

During the revocation hearing, Sanders admitted several of the alleged probation violations, including that she had been convicted of hindering and obstructing in Michigan; that she had been convicted of driving while suspended in Michigan; that she had failed to appear for one appointment with her probation officer; that she had operated a vehicle with a suspended license in West Virginia; and that she had tested positive for cocaine use, which occurred while she was pregnant. Based on Sanders's admissions, the trial court found that she had violated her probation. The trial court then allowed counsel for each side to present argument prior to an entry on disposition and also allowed Sanders to make a statement. Thereafter, the trial court revoked Sanders's probation and ordered that she serve her suspended sentence in the Indiana Department of Correction.

### I.

■ The first issue is whether the trial court followed the proper procedures when revoking Sanders's probation. Sanders argues that her procedural due process rights were violated because the trial court did not follow proper procedures in revoking her probation.

■ When reviewing an appeal from the revocation of probation, we consider

only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Piper v. State,* 770 N.E.2d 880, 882 (Ind.Ct.App.2002), *trans. denied.* Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Parker v. State,* 676 N.E.2d 1083, 1085 (Ind.Ct.App.1997). However, once the State grants that favor, it cannot simply revoke the privilege at its discretion. *Id.* Probation revocation implicates a defendant's liberty interest, which entitles her to some procedural due process. *Id.* (citing *Morrissey v. Brewer,* 408 U.S. 471, 482, 92 S.Ct. 2593, 2600–2601, 33 L.Ed.2d 484 (1972)). Because probation revocation does not deprive a defendant of her absolute liberty, but only her conditional liberty, she is not entitled to the full due process rights afforded a defendant in a criminal proceeding. *Id.*

■ The minimum requirements of due process include: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against her; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. *Id.* (citing *Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604).

■ Probation revocation is a two-step process. *Id.* First, the court must make a factual determination that a violation of a condition of probation actually has occurred. *Id.* If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.* Indiana has codified the due process requirements at Ind.Code § 35–38–2–3 by requiring that an evidentiary hearing be held on the revocation and providing for confrontation and cross-examination of witnesses and representation by counsel. *Id.; see also* Ind.Code § 35–38–2–3(d), (e). When a probationer admits to the violations, the procedural due process safeguards and an evidentiary hearing are not necessary. *Id.* Instead, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id.* In making the determination of whether the violation warrants revocation, the probationer must be given an opportunity to present evidence that explains and mitigates her violation. *Id.* at 1086, n. 4.

Sanders contends that her due process rights were violated because the trial court did not give her an opportunity to present evidence regarding her violations and did not explain why revocation of her probation was appropriate. We disagree.

Here, Sanders admitted to several of the alleged probation violations, including that she had two new convictions; that she had failed to appear for one appointment with her probation officer; that she had operated a vehicle with a suspended license; and that she had tested positive for cocaine use, which occurred while she was pregnant. Based on Sanders's admissions, the trial court found that she had violated her probation. The trial court then allowed counsel for each side to present argument prior to an entry on disposition and also allowed Sanders to present a statement. Thereafter, the trial court revoked Sanders's probation and ordered that she serve her suspended sentence in the Indiana Department of Correction:

> I will address the fact that you committed three crimes while you've been on probation, that you've admitted to and you've had a positive drug test for cocaine since this court released you from

custody on the prior violations that were pending. I think the recommendation [that Sanders's probation be revoked] is entirely appropriate and I will revoke the terms of, revoke your suspended sentence, order you to serve the remaining portion of your sentence, in its entirety, at the Department of Correction ... I will recommend to the Department of Correction that you receive mental health treatment and that you receive drug and alcohol treatment at an appropriate Department of Correction facility.

Transcript at 10–11. Furthermore, the trial court's written order, in which the trial court revoked Sanders's probation and ordered her to serve the remaining portion of her previously suspended sentence, provides that "there is a factual basis for [Sanders's] admission [of her probation violations]" and that Sanders "violated the conditions of her probation[.]" Appellant's Appendix at 123.

Despite Sanders's arguments to the contrary, our review of the record indicates the trial court followed proper procedure when revoking Sanders's probation and did not violate her procedural due process rights. The trial court gave Sanders an opportunity to present evidence regarding her violations and determined that revocation of her probation was warranted based on her admission of the various violations. Thus, the trial court properly revoked Sanders's probation. See, e.g., Washington v. State, 758 N.E.2d 1014, 1018 (Ind.Ct.App.2001) (affirming the trial court's revocation of the defendant's probation where the transcript of the revocation hearing, which had been placed in the record, disclosed that the trial court revoked the defendant's probation on the basis of his admission that he committed the actions alleged by the probation department); Parker, 676 N.E.2d at 1086 (holding that the defendant's due process were not violated).

II.

■ The next issue is whether the trial court abused its discretion by ordering Sanders to serve her suspended sentence. After the trial court revoked Sanders's probation, it ordered that she serve her five-year suspended sentence in the Indiana Department of Correction.

Sanders argues that the trial court's imposition of a "five[-]year sentence following revocation of probation is unreasonable given the nature of the violations and Ms. Sanders['s] character." Appellant's Brief at 5; Appellant's Reply Brief at 3. Sanders suggests that we should apply the standard for sentence review from Ind. Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The State argues that Sanders's attempt to challenge her sentence is an impermissible collateral attack and cannot be done.

We have held that we review a trial court's decision to revoke probation and a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. See Marsh v. State, 818 N.E.2d 143, 144–145 (Ind.Ct.App.2004); Sharp v. State, 817 N.E.2d 644, 646 (Ind.Ct.App.2004); McKnight v. State, 787 N.E.2d 888, 892 (Ind.Ct.App.2003); Goonen v. State, 705 N.E.2d 209, 212 (Ind.Ct.App.1999); Johnson v. State, 692 N.E.2d 485, 488 (Ind.Ct.App.1998); Monday v. State, 671 N.E.2d 467, 469 (Ind.Ct.App.1996). Our supreme court has held that a defendant may not collaterally challenge his sentence on an appeal from his probation revocation. See Stephens v. State, 818 N.E.2d 936, 939 (Ind.2004); Schlichter v.

*State*, 779 N.E.2d 1155, 1156–1157 (Ind. 2002). Furthermore, in *Johnson v. State*, 692 N.E.2d 485, 488 (Ind.Ct.App.1998), we rejected the contention that a trial court's decision upon revocation of probation to order a defendant to serve his previously suspended sentence should be reviewed under then Ind. Appellate Rule 17(B),[1] the predecessor to Ind. Appellate Rule 7(B), and held that:

> [Ind.Code § 35–38–2–3(g)] gives the trial court options upon finding that a defendant has committed a violation of his probation. The provision of these options by the statute implies that the trial court has discretion in deciding which option is appropriate under the circumstances of each case. As such, we will only review the trial court's decision for an abuse of discretion.

Recently, in *Stephens v. State*, 801 N.E.2d 1288 (Ind.Ct.App.2004), *trans. granted*, 818 N.E.2d 936 (Ind.2004), we held that a trial court did not have authority to order a defendant to serve less than the entire amount of a previously suspended sentence upon revocation of probation. *Id.* at 1291–1292. Our supreme court granted transfer and held that "a trial court has the statutory authority to order executed time following revocation of probation that is less than the length of the sentence originally suspended, so long as, when combined with the executed time previously ordered, the total sentence is not less than the statutory minimum."

*Stephens*, 818 N.E.2d at 942. At the same time, our supreme court reviewed whether the defendant's sentence imposed following the revocation of his probation was "unreasonable given the nature of the violations and the character of the offender." *Id.* at 943. Our supreme court "reviewed the facts of the case and [found] the trial court's reasoning for the sentence imposed to be persuasive." *Id.*

■ It is not clear from our supreme court's decision what standard of review it used when reviewing whether the defendant's probation revocation sentence was unreasonable. Although some of the language used suggests that it may have used Ind. Appellate Rule 7(B), we believe—given our existing caselaw regarding appellate review of a trial court's probation decisions and regarding the prohibition against collaterally attacking an original sentence following revocation of probation—that the standard of review used when reviewing whether a defendant's probation revocation sentence is unreasonable is an abuse of discretion. Therefore, we will review Sanders's sentence on revocation for an abuse of discretion.

The facts, as set forth above, show that the trial court had ample basis for its decision to order that Sanders serve her suspended sentence. Therefore, we conclude that the trial court did not abuse its discretion by ordering Sanders to serve her suspended sentence.[2] *See, e.g., Ste-*

---

1. Under the former Ind. Appellate Rule 17(B), we would not revise a sentence authorized by statute except where such sentence was "manifestly unreasonable" in light of the nature of the offense and the character of the offender.

2. In her argument that the imposition of her full suspended sentence was unreasonable, Sanders implies that the trial court believed that it was required to impose the entire amount of the sentence originally suspended.

However, we have reviewed the transcript of the probation revocation hearing and find nothing that indicates that the trial court believed that it was required to impose the entire amount of the sentence originally suspended. "Absent a fairly explicit statement to the contrary, we presume a trial court is aware of its authority to order executed time following revocation of probation that is less than the length of the sentence originally imposed." *Sandlin v. State*, 823 N.E.2d 1197, 1198–1199 (Ind.2005).

*phens,* 818 N.E.2d at 943 (reviewing the reasonableness of the defendant's probation revocation sentence and affirming the trial court's order that the defendant serve three years of the previously four-year suspended sentence); *see also* Ind.Code § 35–38–2–3(g)(3) (providing that one of the options available to a trial court when revoking a person's probation is to order the execution of the sentence that was suspended at the time of the initial sentencing).

For the foregoing reasons, we affirm the trial court's revocation of Sanders's probation.

Affirmed.

BAKER, J. and FRIEDLANDER, J. concur.