**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PIERRE FREEMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.   15A01-1107-CR-341 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause No.  15D02-0911-FD-239

**February 15, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

STATEMENT OF THE CASE

Pierre Freeman appeals the trial court's revocation of his probation.

We affirm.

ISSUE

Whether the trial court abused its discretion by ordering Freeman to serve his suspended sentence.

FACTS

In November 2009, the State charged Freeman with class D felony arson and class D felony obstruction of justice. On October 28, 2010, Freeman entered into a written plea agreement, wherein he agreed to plead guilty to class D felony arson, and the State agreed to dismiss the obstruction of justice charge and recommend a 1095-day sentence with probation. That same day, the trial court sentenced Freeman to 1095 days with 687 days suspended to reporting probation.

Approximately two weeks later, on November 10, 2010, the State filed a notice of probation violation, alleging that Freeman had violated probation by failing to report to the probation department for probation orientation on November 3 and November 4. The trial court set an initial hearing for December 28, 2010, and Freeman failed to appear. The trial court then issued a warrant for his arrest.

During the June 14, 2011 fact-finding hearing, Freeman admitted that he had violated probation by failing to report to the probation department on the specified dates for probation orientation. After reviewing Freeman's extensive criminal history, which included approximately twenty-two convictions as well as five prior probation violations,

2

the trial court revoked Freeman's probation and ordered him to serve his 687-day suspended sentence.

DECISION

Freeman argues that the trial court abused its discretion by ordering him to serve his 687-day suspended sentence.

If the trial court finds that a probationer has violated a condition of probation, the court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35–38–2–3(g)(3). We review a trial court's sentence following a probation revocation for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt*, 878 N.E.2d at 188.

The record reveals that the trial court had ample basis for its decision to order Freeman to serve his 687-day suspended sentence. Within five days of being sentenced and placed on probation, Freeman violated the terms of his probation by failing to report to the probation department. He then failed to appear for his initial hearing on the probation violation, requiring the trial court to issue a warrant for his arrest. In addition to Freeman's lack of respect for the law, he had an extensive criminal and had violated probation in the past. Given the facts of this case, we conclude that the trial court did not abuse its discretion by ordering Freeman to serve his suspended sentence. *See, e.g.*, *Sanders*, 825 N.E.2d at 957-58 (affirming trial court's revocation of defendant's probation where defendant admitted to probation violation of committing new crimes and

3

failing to appear for appointments with probation officer), *trans. denied*. For the foregoing reasons, we affirm the trial court's revocation of Freeman's probation.

Affirmed.

BAKER, J., and BAILEY, J., concur.