**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 07 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY E. KIMMELL**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RAYMOND S. SCHMITT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1108-CR-368 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jerome Frese, Judge
Cause No. 71D03-0204-FC-127

**May 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Raymond Schmitt appeals the revocation of his probation. We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 25, 2004, the trial court sentenced Schmitt to eight years suspended to probation for Class C felony child molesting.[1] One of the terms of Schmitt's probation was participation in a sex offender treatment program.

On July 14, 2009, the State filed a petition to revoke Schmitt's probation for failure to participate in the treatment program. The State withdrew that petition on January 13, 2010, when Schmitt returned to treatment.

On January 28, 2011, the State filed a petition to revoke Schmitt's probation for failure to participate in a sex offender treatment program. The trial court held the probation revocation hearing on July 18, and then it revoked Schmitt's probation on August 3. The trial court ordered Schmitt to serve his eight year sentence, less any credit time, at the Indiana Department of Correction.

## DISCUSSION AND DECISION

Probation revocation proceedings are civil in nature, and the State must prove a violation of the conditions of probation by a preponderance of the evidence. Ind. Code § 35-38-2-3(e). The decision to revoke probation is reviewed for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* When reviewing the sufficiency of evidence supporting a

---

[1] Ind. Code § 35-42-4-3(b).

2

probation revocation, we neither reweigh the evidence nor judge the credibility of witnesses, but look at the evidence most favorable to the State. *King v. State*, 642 N.E.2d 1389, 1393 (Ind. Ct. App. 1994). If there is substantial evidence of probative value to support the trial court's decision that the probationer violated probation, revocation is appropriate. *Id.*

In revoking Schmitt's probation, the trial court found:

> I therefore do find by a preponderance of the evidence, which is the burden, I find that there was a pattern here of failure on the defendant's part to cooperate fully with the requirements of his rehabilitative program which culminated in the failure which I do not find justified on September 21. And I find there to have been a total lack of any effort to try to see if there was a possibility of correcting this albeit belatedly.
>
> * * *
>
> I am revoking the defendant's probation, and I am ordering the defendant into custody where he is to serve the eight years which were suspended. I am asking the Probation Department to give me a calculation of time credits and to give me an abstract of judgment.

(Sentencing Tr.[2] at 22.)

Schmitt argues the trial court abused its discretion when it revoked his probation because the court based its decision on "two polygraph examinations which were administered by an examiner who appeared to have a vendetta" against Schmitt. (Br. of Appellant at 1.) In addition, he asserts the trial court abused its discretion when it revoked his probation because the revocation was based on his inability to pay $400 for a third

---

[2] The court reporter filed two transcripts, one of the probation revocation hearing, which we will refer to as "Revocation Tr.," and one of the sentencing hearing, which we will refer to as "Sentencing Tr.". We remind the court reporter of Indiana Appellate Rule 28(A)(2), which states in relevant part: "The pages of the Transcript shall be numbered consecutively regardless of the number of volumes the Transcript requires[,]" and encourage compliance with the rule.

3

polygraph test.[3] We cannot agree.

The State's petition to revoke Schmitt's probation alleged he failed to comply with sex offender treatment. As part of his sex offender treatment, Schmitt was required to submit to polygraph examinations. During Schmitt's probation revocation hearing, the polygraph examiner testified Schmitt exhibited "Significant Reactions Indicative of Deception," (App. at 17), during his first polygraph, which was interpreted to mean Schmitt failed the polygraph. Due to his failure of the first polygraph, Schmitt was required to take a second polygraph, during which he was uncooperative. The polygraph examiner reported:

> For information purposes only, of the two relevant questions that were asked, significant test chart reactions indicative of deception could be observed. However, a definite determination is not possible from this limited evidence, but these reactions, combined with Mr. Schmitt's reactions, demeanor and attitude, serves to raise some obvious suspicions regarding this offender and the issues that were to be examined. The pressure to the cardio blood pressure cuff was not in any way excessive;, [sic] it was identical to that which was utilized during his previous test in July, and his behavior strongly suggests that it was a contrived issue designed to escape being tested on this concern[.]

(*Id*. at 18.)

Due to his lack of cooperation during the second polygraph, the sex offender treatment program required Schmitt to submit to a third polygraph test, to be paid without the assistance of Project Roots, a local grant-funded organization which had paid for a portion of Schmitt's two earlier polygraphs. Schmitt's probation officer testified Schmitt did not

---

[3] In the opening paragraph of his argument, Schmitt seems to argue the trial court abused its discretion when it ordered him to serve his eight year sentence, less any credit time, incarcerated. However, he makes no other mention of the issue in his brief, so we need not consider it. *See Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (argument waived because it was "supported neither by cogent argument nor citation to authority.").

complete a required third polygraph, after being told he would be terminated from the sex offender treatment if he failed to do so. Schmitt's therapist also testified, "we honestly tried everything we could to give Mr. Schmitt every opportunity we could by giving him a third opportunity to take [a polygraph examination,] which he refused." (Tr. at 38.)

In addition to Schmitt's refusal to take the third polygraph, his probation officer testified he failed to maintain employment throughout his probation and had not paid all of his probation user fees, both of which were terms of his probation. The record indicates Schmitt delayed beginning the required sex offender treatment for six months after the court ordered him to attend, he voluntarily removed himself from the program at one point and only returned when threatened with revocation of his probation, and he routinely failed to show up for therapy sessions. Schmitt's arguments regarding an alleged "vendetta" against him are invitations to reweigh the evidence, which we may not do. *See King*, 642 N.E.2d at 1393 (appellate court may not reweigh evidence or judge witness credibility).

Regarding the payment for the third polygraph, Schmitt's therapist testified Schmitt was given the contact information for polygraph examiners who had, in the past, provided discounted rates or alternate payment arrangements, but Schmitt refused to contact those examiners. Schmitt's probation officer testified some polygraph examiners offer payment plans. Nevertheless, Schmitt's argument that the trial court revoked his probation based solely on his inability to pay for the third polygraph is not supported by the evidence -- because Schmitt would not have needed to pay for a third polygraph if he had cooperated with either of the first two examinations. Thus his argument is essentially an invitation for us

5

to reweigh the evidence, which we may not do. *See King*, 642 N.E.2d at 1393.

The trial court did not abuse its discretion when it revoked Schmitt's probation because the evidence presented supports the court's finding that Schmitt's pattern of non-compliance resulted in his termination from the sex offender treatment program, which was a requirement of his probation. Accordingly, we affirm.

Affirmed.

CRONE, J., and BROWN, J., concur.