**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JAY RODIA**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANN L. GOODWIN**
Deputy Attorney General
Indianapolis, Indiana



FILED

May 25 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARRELL LAWRENCE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1110-CR-939 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-1012-FD-95482

**May 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Darrell Lawrence appeals the order that he serve his entire suspended sentence after his probation violation. We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 3, 2011, Lawrence pled guilty to Class D felony residential entry.[1] The trial court sentenced Lawrence to 730 days, with 180 days executed and 550 days suspended to probation. The requirements of his probation included reporting to the probation department and abstaining from criminal activity during his probation.

On April 27, Lawrence began serving probation, but he never reported to the probation department. The court issued an arrest warrant for Lawrence because he had not registered with the probation department. On June 30, the State petitioned to revoke his probation because Lawrence had been arrested for failing to register with probation, for Class B felony possession of cocaine,[2] and for two counts of Class A misdemeanor resisting law enforcement.[3]

On September 6, the trial court found Lawrence guilty of two counts of Class A misdemeanor resisting law enforcement. Lawrence admitted the probation violations and the trial court ordered him to serve all 550 days of his suspended sentence.

## DISCUSSION AND DECISION

The trial court's decision regarding sanctions imposed on a probation revocation is reviewed for abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App.

---

[1] Ind. Code § 35-43-2-1.5.
[2] Ind. Code § 35-48-4-6(b)(2).
[3] Ind. Code § 35-44-3-3(a).

2

2005), *trans. denied*. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id*. On finding the defendant violated probation, the trial court may "[o]rder the execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(g).

Lawrence asserts the trial court abused its discretion when it ordered him to serve all 550 days that had been suspended. It did not. Lawrence admitted he violated his probation by committing two counts of Class A misdemeanor resisting law enforcement. In light of the fact Lawrence had not even bothered to register with probation when he was released from incarceration, which resulted in a warrant for his arrest for violating probation, we cannot find an abuse of discretion in the trial court's refusal to allow Lawrence to return to probation. Accordingly, we affirm the court's decision to revoke Lawrence's entire probationary period.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.