**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 31 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE, IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDERW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID E. ARNOLD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1112-CR-668 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause No. 48C01-0208-FD-216 & 48C01-0409-CM-209

**July 31, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, David Arnold (Arnold), appeals the trial court's revocation of his probation.

We affirm.

ISSUE

Arnold raises one issue on appeal which we restate as: Whether the State presented sufficient evidence that Arnold was in constructive possession of methamphetamine and therefore violated his probation.

FACTS AND PROCEDURAL HISTORY

On May 30, 2000, under Cause No. 48C01-0208-FD-216 (FD-216), the State charged Arnold with Count I, battery resulting in bodily injury, a Class D felony, Ind. Code § 35-42-2-1(A)(2)(B); Count II, dealing in marijuana, a Class D felony, I.C. § 35-48-4-10(A)(1); and Count III, maintaining a common nuisance, a Class D felony, I.C. § 35-48-4-13(B)(1). Arnold was also charged with Count IV, being a habitual offender, I.C. § 35-50-2-10(B). On October 31, 2003, Arnold pled guilty to Count III, maintaining a common nuisance, a Class D felony, and the trial court found Arnold to be a habitual offender. The State dismissed Counts I and II at the time of sentencing. On February 2, 2005, the trial court sentenced Arnold to the Department of Correction for a period of three years executed, which the trial court enhanced by an additional eight years for

Arnold's habitual substance offender adjudication. In aggregate, the trial court ordered six years executed and five years suspended.

On September 20, 2004, under Cause No. 48C01-0409-CM-299 (CM-299), the State charged Arnold with Count I, operating a vehicle with a blood alcohol content of .08 or more, a Class C misdemeanor, I.C. § 9-30-5-1(A); and Count II, operating while intoxicated endangering a person, a Class A misdemeanor, I.C. § 9-30-5-2(A). On February 2, 2005, Arnold was found guilty on Count II and received an executed sentence of one year to the Department of Correction, and a suspended sentence of one year.[1]

On February 22, 2008, the State filed a petition for violation of probation in both FD-216 and CM-299 because Arnold failed to report as directed. On March 11, 2008, Arnold became compliant with the terms of his probation and the State withdrew the petition for a violation of probation from the record. On February 26, 2010, the State filed a second petition to revoke Arnold's probation in FD-216 because he failed to timely report to the probation department, failed to pay court costs in the amount of one hundred thirty-six dollars, failed to pay probation fees, failed to pay the Drug Interdiction fee, and failed to pay child support. The trial court found that Arnold had violated the terms of his probation, but stayed any sanctions provided that he paid his child support,

---

[1] The chronological case summary does not reflect the trial court's decision on Count I.

3

found employment, abstained from alcoholic beverages and illicit drugs, and did not enter any bar, tavern or other establishment that sold alcoholic beverages.

On January 20, 2011, Indiana State Police Trooper David Preston (Officer Preston) stopped Arnold for driving with a non-functioning tail light. When trying to stop the vehicle, Officer Preston saw Arnold make furtive movements by ducking down towards his seat and popping back up before bringing his vehicle to a complete stop. Officer Preston testified that because of his training and experience he had reason to believe that Arnold was trying to hide something or retrieve a weapon. After Arnold was stopped, Officer Preston asked Arnold what he was trying to hide and Arnold told him that he had dropped his cell phone. Officer Preston asked Arnold to step out of the vehicle and requested to search the truck. Arnold consented to the search. Preston did not see a cell phone but later found a cigarette pack on the floorboard, in the same area where Arnold had been reaching, that contained a baggy and tin foil wrap of what the Officer believed to be methamphetamine. The contents in the baggy and foil later tested positive for methamphetamine.

Officer Preston asked Arnold what type of cigarettes he smoked and Arnold revealed a box that was the same kind as the one containing the drugs. There were two other passengers in the vehicle with Arnold and one of the passengers admitted that she also smoked but did not have any cigarettes with her. Arnold denied the drugs were his and both of the passengers with Arnold denied the drugs were theirs.

4

On January 28, 2011, the State filed a notice of probation violation in FD-216 and CM-299, alleging that Arnold violated the terms of his probation by possessing methamphetamine, a Class D felony. On October 20, 2011, the State amended the notice of violation to include additional criminal offenses. On November 28, 2011, the trial court conducted a hearing on the State's petition and found that Arnold had violated the terms of his probation by being in possession of methamphetamine but found no evidence regarding the other alleged violations. Consequently, the trial court revoked four years of Arnold's five-year suspended sentence under FD-216 and his one year suspended sentence under CM-299 to be served consecutively, for a total revoked sentence of five years.

Arnold now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Sanders v. State*, 825 N.E.2d 952, 954-55 (Ind. Ct. App. 2005), *trans. denied.* We must look at the evidence most favorable to the trial court's judgment and determine whether substantial evidence of probative value supports the judgment. *Thornton v. State*, 792 N.E.2d 94, 96 (Ind. Ct. App. 2003). Probation revocation proceedings are civil in nature and the State needs to prove a violation of probation by only a preponderance of the evidence. *Id.* Probation revocation is a two-

5

step process. *Sanders*, 825 N.E.2d at 955. First, the court must make a factual determination that a violation of a condition of probation actually occurred. *Id*. Secondly, if a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id*.

Arnold contends that the evidence was insufficient to prove by a preponderance of the evidence that he was in constructive possession of the methamphetamine. A defendant is in constructive possession of drugs when the State shows that the defendant has both (1) the intent to maintain dominion and control over the drugs, and (2) the capability to maintain dominion and control over the drugs. *Gee v. State*, 810 N.E.2d 338, 340 (Ind. 2004). A trier of fact may infer that a defendant had the intent to maintain dominion and control over contraband from the defendant's possessory interest in the premises, even when that possessory interest is not exclusive. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). Where the possessory interest is not exclusive, such as here, where there were other passengers in the truck, the State may use additional circumstances to show the defendant's knowledge of the presence and nature of the item such as (1) the defendant's incriminating statements; (2) the defendant's attempts to leave or furtive gestures; (3) the location of contraband like drugs in settings suggesting manufacturing; (4) the proximity of the items to the defendant (5) the location of contraband within the defendant's plain view; and (6) the mingling of contraband with other items the defendant owns. *Id*. at 175.

Arnold made an incriminating statement to Officer Preston when he admitted to smoking and pulled out a pack of cigarettes which were the exact same kind as the one Officer Preston discovered containing the contraband. Officer Preston testified that he believed it took Arnold a little bit too long to stop and observed him making furtive gestures by ducking down towards the seat and popping back up. The pack of cigarettes with methamphetamine concealed inside was discovered on the floor board in the same area where Arnold was observed making furtive gestures. The circumstances illustrated by Officer Preston inferred that Arnold was in constructive possession of methamphetamine and that the State presented sufficient evidence that Arnold had violated his probation.

## CONCLUSION

Based on the foregoing, we conclude Arnold's probation revocation was supported by sufficient evidence.

Affirmed.

NAJAM, J. and DARDEN, S. J. concur