**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KATHRYN C. BYROM**
Kendallville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TALESA HOWELL, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 57A05-1306-CR-314 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE NOBLE CIRCUIT COURT
The Honorable G. David Laur, Judge
Cause Nos. 57C01-1108-FB-034 and 57C01-1306-FD-012 (Formerly 57D01-0904-FD-072)

**January 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Talesa Howell appeals her sentence following the revocation of her probation. She presents a single issue for our review, namely, whether the trial court abused its discretion when it sentenced her to two one-year consecutive terms.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 9, 2012, in Cause Number 57C01-1108-FB-034 ("FB-034"), Howell pleaded guilty to possession of methamphetamine, as a Class D felony, and possession of marijuana, as a Class A misdemeanor. The trial court sentenced Howell to eighteen months for the D felony conviction and 180 days for the A misdemeanor conviction, to be served concurrently, with six months executed and twelve months suspended to probation.

On February 17, 2012, in Cause Numbers 57D01-0904-FD-72 ("FD-72") and 57D01-0808-FD-255 ("FD-255"), Howell pleaded guilty to possession of a controlled substance, as a Class D felony, and conversion, as a Class A misdemeanor. The trial court sentenced Howell to eighteen months with six months executed and twelve months suspended to probation for the Class D felony conviction and sixty days for the Class A misdemeanor conviction, to run consecutively. And the trial court ordered that the sentence for FB-34 would run consecutive to the sentences in FD-72 and FD-255.

On June 1, the twelve-month suspended portions of Howell's sentences commenced. The terms of Howell's probation agreements included provisions prohibiting: the possession or use of "any alcohol, narcotic, drug, controlled substance,

or mood altering substance unless prescribed by a physician or dentist" and Howell's association "with any person of bad character or reputation or with any person who is likely to influence [her] to commit any crime, or be in the presence of any illegal activity." Appellant's App. at 49-50. In addition, Howell was ordered to submit to drug and alcohol tests.

On May 3, 2013, the State filed two probation violation reports alleging that Howell had violated the terms of her probation. At the disposition hearing on June 6, Howell admitted: that she had tested positive for methamphetamine in December 2012; that she had taken Adderall while on probation; and that she had smoked methamphetamine with Kevin Jurich on May 1, 2013, who was arrested that same day. Howell admitted that each of those actions constituted a violation of her probation. Howell also testified that she was pregnant with Jurich's child and that her due date was less than eight weeks away. Thus, Howell was pregnant at the time that she smoked methamphetamine on May 1. The trial court revoked Howell's probation in both causes and ordered her to serve the remaining year of each sentence consecutively, for an aggregate term of two years. This appeal ensued.

## DISCUSSION AND DECISION

Howell's sole contention on appeal is that the trial court abused its discretion when it ordered her to serve two years in "a facility with the CLIFF program."[1] Transcript at 49. She does not contest the revocation of her probation, which was based on her admissions in court. We review a trial court's sentencing decision following a

---

[1] The State describes the CLIFF program as a rehabilitation program through the Department of Correction.

3

probation revocation for an abuse of discretion. Sanders v. State, 825 N.E.2d 952, 957 (Ind. Ct. App. 2005). An abuse of discretion will be found "where the decision is clearly against the logic and effect of the facts and circumstances." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007).

Indiana Code Section 35-38-2-3 provides in relevant part:

(h) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:

(1) Continue the person on probation, with or without modifying or enlarging the conditions.

(2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

In support of her contention on appeal, Howell maintains that, other than the probation violations, she was "compliant" and "led a law-abiding life and obtained custody back of her daughter." Appellant's Brief at 8. Further, Howell points out that the trial court initially indicated that the sentences would run concurrently until she told the court that she would not be eligible for the CLIFF program unless her sentence was at least eighteen months. At that point, the trial court ordered the sentences to run consecutively. In sum, Howell asserts that the trial court abused its discretion when it did not give her credit for her long period of complying with probation and when it changed its mind regarding the sentence in order to place her in the CLIFF program.

Our review of the trial court's sentencing statement shows that the court questioned Howell extensively about her twenty-year history of untreated substance abuse and concluded that she would benefit from the CLIFF program. And the trial court concluded that

> it seems clear to me that for the protection of your family and for you that the best alternative would be to have you as far away from drugs as I can get you to get you cleared up. To get you into the CLIFF Program, or recommend you be at that facility because I seem to have better success with people in the CLIFF Program than I do with anything else, but I think we can accomplish the same thing.

Transcript at 48. The trial court also noted that "the only way" to "assure [him]self that [Howell's new] baby isn't going to be subjected to more problems" was to send Howell to the Department of Correction and the CLIFF program. Id. at 50. Howell has not demonstrated that the trial court's imposition of this sentence is against the logic and effect of the facts. The trial court did not abuse its discretion when it sentenced Howell to consecutive one-year terms.

Affirmed.

BAKER, J., and CRONE, J., concur.