## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 09 2015, 9:23 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Lawrence M. Hansen
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Percifield,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 9, 2015

Court of Appeals Case No.
29A02-1502-CR-89

Appeal from the Hamilton County Superior Court;
The Honorable Steven R. Nation, Judge;
29D01-1004-FC-36

**May, Judge.**

[1] Michael Percifield appeals the court's imposition of the remainder of his suspended sentence for his violation of probation, asserting the court's decision was an abuse of discretion.

[2] We affirm.

## Facts and Procedural History

[3] On April 8, 2010, Percifield was charged with Class C felony intimidation[1] and Class D felony pointing a firearm.[2] Percifield agreed to plead guilty to pointing a firearm in exchange for the State dismissing the intimidation charge. The court accepted that agreement, convicted Percifield of pointing a firearm, and sentenced Percifield to three years in the Department of Correction, with 90 days executed and the remaining 1,005 days suspended to probation.

[4] While on probation, Percifield fled the scene of an accident resulting in death, which is a Class C felony.[3] The State filed a petition alleging violation of probation based on his new conviction. The court ordered Percifield to execute the remaining 1,005 days of this sentence consecutive to his new sentence for leaving the scene of an accident.

---

[1] Ind. Code § 35-45-2-1(a)(1) (2014).

[2] Ind. Code § 35-47-4-3(b) (2014).

[3] Ind. Code § 9-26-1-1 (2014). Following his guilty plea, a Marion County court sentenced Percifield to four years for that offense.

# Discussion and Decision

[5] If a trial court finds that a person has violated probation before termination of the probationary period, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h)(3). We review a trial court's decision for an abuse of discretion. *Sanders v. State,* 825 N.E.2d 952, 956 (Ind. Ct. App. 2005).

[6] Percifield contends the court's imposition of his entire suspended sentence was an abuse of the trial court's discretion because this was his first probation violation. As a benefit of the plea agreement Percifield entered, the State did not pursue prosecution of Class C felony intimidation. The State was compassionate by providing a plea, and the trial court was lenient by ordering most of his sentence be served on probation. While on probation, Percifield left the scene of an accident which resulted in the death of his uncle and uncle's girlfriend. (Confidential App. at 194.[4]) Percifield did not call the police or turn himself in.

[7] From 1997 to 2006, Percifield was convicted of several offenses: Class A misdemeanor possession of marijuana, Class A misdemeanor operating while intoxicated, Class C misdemeanor illegal consumption, and Class C felony battery by means of a deadly weapon. (*Id*. at 193-94). In light of Percifield's

---

[4] Pursuant to Ind. Administrative Rule 9(G), certain documents are to be excluded from public access and placed on green paper in a Confidential Appendix.

continued criminal behavior after being given leniency by the trial court, we find no abuse of discretion in the trial court's order that Percifield serve 1,005 days of his previously suspended sentence after his first violation of probation. *See* Ind. Code § 35-38-2-3 (court has the discretion to order defendant to serve the remainder of a suspended sentence if defendant violates probation).

## Conclusion

[8] For the foregoing reasons, we affirm the trial court's order.

[9] Affirmed.


Crone, J., and Bradford, J., concur.