## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 11 2015, 9:39 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weismann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shaun Combs,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 11, 2015

Court of Appeals Case No.
15A01-1505-CR-431

Appeal from the Dearborn
Superior Court

The Honorable Jonathan N.
Cleary, Judge

Trial Court Cause No.
15D01-0102-FC-003

**Pyle, Judge.**

# Statement of the Case

Shaun Combs ("Combs") appeals the trial court's order revoking his probation and ordering him to serve three years of his previously suspended ten-year sentence in the Department of Correction following his admission that he tested positive for opiates. On appeal, Combs argues that the trial court should have ordered him to serve only one year of his suspended sentence. Concluding that the trial court did not abuse its discretion by ordering Combs to serve three years of his previously suspended sentence, we affirm the trial court's revocation of Combs's probation.

Affirmed.

# Issue

Whether the trial court abused its discretion by ordering Combs to serve part of his previously suspended sentence.

# Facts

In February 2001, the State charged Combs with: Count I, Class B felony conspiracy to commit burglary; Count II, Class B felony burglary; and Count III, Class D felony theft.[1] In September 2001, pursuant to a written plea agreement, Combs pled guilty to the Class B felony burglary charge in Count II in exchange for the State's dismissal of the remaining two charges. As part of

---

[1] The State charged Combs in a joint charging information with other co-defendants. This charging information also contained a Count IV and Count V, which were not charged against Combs.

the plea agreement, the parties agreed that Combs would be sentenced to twenty (20) years with ten (10) years executed in the Department of Correction and ten (10) years suspended to probation. Thereafter, the trial court accepted Combs's plea and sentenced him pursuant to the plea agreement.

[4] In January 2009, the State filed a notice of probation violation, alleging that Combs had violated his probation by testing positive for marijuana. In February 2009, Combs and the State entered into a negotiated agreement, in which Combs agreed to admit to the probation violation allegation in exchange for his participation in the Adult Drug Court Program and the deferral on any order on the probation violation petition. The trial court accepted the parties' negotiated agreement, and Combs later completed the drug court program.

[5] In May 2011, the State filed a second notice of probation violation, alleging that Combs had violated his probation by being charged with Class A misdemeanor domestic battery. Following a hearing, the trial court found that Combs did not violate the terms of his probation.

[6] On February 5, 2015, the State filed a third notice of probation violation, alleging that Combs had violated his probation by testing positive for opiates—specifically, morphine—during a urine drug screen conducted in January 2015. The trial court delayed the probation revocation hearing so that Combs could participate in the jail's JCAP Program. However, Combs was subsequently removed from the program due to difficulties with participation.

[7] On April 23, 2015, the trial court held a probation revocation hearing, during which Combs admitted that he had violated his probation as alleged. He also admitted that, during the month prior to his drug screen, he had been using heroin two to four times per week. Combs, who was thirty-five years old at the time of the hearing, testified that he "started using drugs at a young age" and that his drug use "progressed over the years." (Tr. 34). He asserted that his substance abuse issues had led to the commission of his underlying burglary conviction and were related to his juvenile history and criminal history. Combs testified that he had relapsed because he was "[p]utting [him]self in the wrong areas with the wrong people." (Tr. 28).

[8] At the end of the hearing, the trial court determined that Combs had violated his probation and ordered him to serve three (3) years of his previously suspended sentence.[2] When doing so, the trial court explained its reasoning as follows:

> [T]he underlying offense was a residential burglary of [a] home . . . . Mr. Combs plead[ed] guilty and received a sentence of twenty years with ten years suspended. So he served five years at the Indiana Department of Corrections followed by ten years of felony probation. When he was released onto felony probation[,] there was a positive test for a drug screen. This Court allowed him to go into drug court and without going through the entirety of drug court[,] it consist[ed] of individual counseling, group counseling, going to NA meetings, appearing before the Court at

---

[2] The trial court ordered that Combs's probation would be terminated upon completion of this suspended sentence.

least once a week in the early stages and then end[ed] with once a month in the final six months and then regular appointments with probation. So Mr. Combs did complete the drug court program. The Court was carefully listening for what form of counseling following drug court that he's participated in[,] and the Court has not heard anything. No NA meetings, no AA meetings, no individual counseling or group counseling[.] [I]t just went silent after he graduated from drug court. The Court has not receive[d] any evidence that he continued his recovery. The Court considers . . . that he has plead[ed] to the Court and the Court also considers that he has a young family. The Court considers the criminal history as required under Indiana Law. As a juvenile[,] there were adjudications for two counts of battery followed by marijuana and paraphernalia followed by minor consumption followed by possession of marijuana and cultivating marijuana followed by minor consumption followed by possession of marijuana. Then as an adult[,] there's a failure to stop after a property damage accident and then a conviction for theft, a conviction for visiting a common nuisance, a conviction for assisting a criminal and the instant offense of burglary [as] a class B felony. The Court also listened to the characterization of his attempts to go through the JCAP program, the recovery program inside the jail. It was his testimony that they removed him from the program for not participating and not being approachable throughout the program which obviously Mr. Combs disagreed with that assessment but that was the only evidence of what happened inside JCAP.

(Tr. 37-40). Combs now appeals.

# Decision

[9] Combs argues that the trial court abused its discretion by ordering him to serve three years of his previously suspended sentence. Combs suggests that the trial court's order was "unduly harsh" and that an order to serve merely one year of

his suspended sentence would "adequately punish him for his violation[.]" (Combs's Br. 3).

[10] Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[11] The record reveals that the trial court had ample basis for its decision to order Combs to serve three years of his previously suspended sentence in the Department of Correction. The record indicates that, at the time Combs committed the underlying burglary offense, he was on probation from a Class A misdemeanor assisting a criminal conviction. Also, as specifically noted by the trial court, Combs has a criminal history that includes both juvenile adjudications and adult convictions. Moreover, Combs has already previously violated his probation by using drugs. Specifically, in February 2009, he

admitted that he had violated probation by using marijuana, and the trial court gave him a second chance and allowed him to participate in drug court. While Combs completed the drug court program, his apparent lack of follow-up services and his current drug use—which includes opiates and heroin—reveal a failure to engage in a continued, long-term commitment to combating his substance abuse issues. While Combs's underlying conviction was for burglary and was not a drug offense, he acknowledged that his substance abuse issues led to the commission of this underlying offense.

[12] Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Combs to serve three years of his previously suspended sentence. For the foregoing reasons, we affirm the trial court's revocation of Combs's probation.

[13] Affirmed.[3]

Baker, J., and Bradford, J., concur.

---

[3] We note that, while Combs's underlying conviction was for burglary as a Class B felony, some of the documents contained in the Appellant's Appendix indicate that Combs was convicted of burglary as a Class C felony. The amended abstract of judgment, however, correctly reflects that his conviction was a Class B felony.