## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 16 2018, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Andy Godsey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 16, 2018

Court of Appeals Case No.
17A-CR-3026

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause Nos.
84D01-1010-FD-3356
84D01-1102-FD-561
84D01-1107-FD-2305
84D01-1110-FD-3288
84D01-1706-F5-1957

**Riley, Judge.**

## STATEMENT OF THE CASE

[1]  Appellant-Defendant, Andy Godsey (Godsey), appeals the trial court's revocation of his home detention.

[2]  We affirm.

## ISSUE

[3]  Godsey presents two issues on appeal, which we consolidate and restate as the following single issue:  Whether the trial court abused its discretion when it revoked Godsey's community correction placement in home detention.

## FACTS AND PROCEDURAL HISTORY

[4]  On November 22, 2011, Godsey and the State entered into a written plea agreement, whereby Godsey agreed to plead guilty to the following charges: Class D felony theft under cause number 84D01-1102-FD-561 (FD-561); Class D felony operating a vehicle as an habitual traffic violator under cause number 84D01-1107-FD-2305 (FD-2305); Class D felony operating a vehicle as an habitual traffic violator under cause number 84D01-1110-FD-3288 (FD-3288); and Class D felony theft under cause number 84D01-1010-FD-3356 (FD-3356). Sentencing was left open to the trial court, however, the parties agreed to cap Godsey's aggregate sentence at eight years.  On January 3, 2012, the trial court sentenced Godsey to consecutive one and one-half year sentences under each Cause, for an aggregate sentence of six years with two years "executed on In-Home Detention as direct placement, followed by four (4) years on formal probation."  (Appellant's App. Vol. II, p. 110).

[5] The record shows that on September 15, 2016, the State filed a petition to revoke Godsey's probation under FD-0561, FD-2305, FD-3356, and FD-3288. On December 8, 2016, Godsey admitted to violating his probation and the trial court ordered Godsey to "execute one (1) year of his originally suspended sentences" under the previous cases, for an aggregate sentence of four years, all to be served in home detention. (Appellant's App. Vol. II, p. 159).

[6] On February 1, 2017, under Cause Number 84D01-1706-F5-001957 (F5-1957), the State charged Godsey with burglary, a Level 5 felony; and theft, a Class A misdemeanor. Based on Godsey's new criminal charges, on February 27, 2017, the State filed yet another petition to revoke Godsey's probation. On December 5, 2017, pursuant to an agreement, Godsey pleaded guilty to the Level 5 felony burglary offense under F5-1957. While the parties had agreed to cap Godsey's sentence at eight years, sentencing was left open to the trial court. In addition, Godsey admitted to violating the terms of his community correction placement by virtue of the new offense. On the same day, the trial court ordered Godsey to serve five years for the burglary offense on work release. The trial court then revoked Godsey's placement in home detention and ordered him to serve the balance of his suspended two and one-half year sentences under Causes FD-561, FD-2305, and FD-3288 on work release.[1] Godsey's sentences were to run consecutively, for an aggregate sentence of seven and one-half years.

---

[1] The record shows that by that time, Godsey had completed his sentence under FD-3356.

Godsey now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Initially, we note the standard of review on appeal from the revocation of direct placement in home detention mirrors that for revocation of probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "The trial court determined the conditions of probation and may revoke probation if the conditions are violated." *Id*. If the court finds that the person has violated a condition at any time before termination of the probation period, and the petition to revoke is filed within the probationary period, the court may impose one or more sanctions, including ordering execution of all or part of the sentence that was suspended at the time of the initial sentencing. Ind. Code § 35-38-2-3(h). A trial court's discretion for imposing sanctions for probation violations is reviewable using the abuse of discretion standard. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt*, 878 N.E.2d at 188.

We acknowledge Godsey admitted violating the terms of his placement in home detention by committing a new offense. It is well established that a "single violation of the conditions of probation is sufficient to support the [trial court's] decision to revoke probation." *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *trans. denied*. Based on his admission, the trial court ordered

Godsey to serve his previously suspended aggregate sentence of two and one-half years under FD-561, FD-2305, and FD-3288 on work release. Godsey contends that the trial court should have instead returned him to home detention. After Godsey made this same argument to the trial court, and the trial court stated

> In-home detention is not appropriate. [] I'm not rewarding you by putting you back on in-home detention when you didn't comply with it in the first instance. So right now my options are work release or DOC . . .

(Tr. Vol. II, p. 66). In deciding what sanction to impose, the trial court noted that Godsey had repeatedly violated the terms of his home detention, thereby demonstrating that he was undeterred by the authority of the trial court or the threat of punishment. Despite Godsey's commission of the new offense, the trial court exercised leniency at sentencing and ordered Godsey to serve the balance of his sentence under FD-561, FD-2305, and FD-3288 on work release. Accordingly, we are not persuaded the trial court abused its discretion in ordering Godsey to serve the balance of his sentence on work release.

## CONCLUSION

[10] Based on the foregoing, we hold that the trial court did not abuse its discretion in revoking Godsey's placement in home detention, and ordering him to serve the remainder of his sentence on work release.

[11] Affirmed.

May, J. and Mathias, J. concur