## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2018, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Benjamin Loheide
Law Office of Benjamin Loheide
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan M. Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rebecca A. Camplin,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 7, 2018

Court of Appeals Case No.
18A-CR-1260

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1703-F6-1553

**May, Judge.**

[1] Rebecca A. Camplin appeals the trial court's order that revoked her probation and ordered her to serve all of her suspended sentence. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

[2] On October 23, 2017, Camplin pled guilty to Level 6 felony possession of a narcotic.[1] Pursuant to her plea agreement, the court imposed a two-year sentence and placed Camplin on probation for two years. As conditions of probation, the court ordered Camplin to, among other things, undergo a substance abuse evaluation and follow any treatment recommendations. After the sentencing hearing, the court released Camplin and she went to the probation office, where she scheduled an orientation appointment for November 30, 2017.

[3] Camplin did not appear for her scheduled appointment. Probation officer Shalah Noblitt attempted to reschedule Camplin's orientation appointment for December and January by sending letters to the address that Camplin had provided to the probation office. Camplin did not respond to either of those letters, and she did not contact the probation office to reschedule. Because she had not been to her orientation, her substance abuse evaluation was not scheduled.

---

[1] Ind. Code § 35-48-4-6(a).

[4] On January 9, 2018, the State filed a petition to revoke Camplin's probation because she had failed to report to orientation on November 30, 2017, on December 14, 2017, and on January 4, 2018. The court set the petition for a hearing on February 16, 2018. Camplin failed to appear for that hearing, so the court issued a warrant for her arrest. Police arrested Camplin on March 8, 2018. On April 9, 2018, the State filed an amended petition to revoke probation that alleged Camplin had failed to appear, had failed to obtain the substance abuse evaluation, had failed to pay court costs and probation fees within 180 days as ordered, and had committed a new criminal offense in Jennings County.

[5] The court held a hearing on the amended petition on May 10, 2018. Camplin admitted all the violations except the commission of the new criminal offense. The probation office recommended the court order Camplin to serve the remainder of her sentence incarcerated. The court revoked all of Camplin's suspended time and ordered her to serve the remainder of her sentence in jail.

# Discussion and Decision

[6] "Probation is a favor granted by the State, not a right to which a criminal defendant is entitled." *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005), *trans. denied.* Revocation of that favor is a two-step process: first, the court must determine whether a probationer violated a condition of probation; second, the court must decide whether that violation justifies revocation of probation. *Id.* If a probationer admits violating probation, "the court can

proceed to the second step of the inquiry and determine whether the violation warrants revocation." *Id*.

[7] When we review the revocation of probation, we look only at the evidence favorable to the trial court's judgment, and we may not reweigh the evidence or assess the credibility of the witnesses. *Id*. at 954-55. We may reverse the trial court's determination only if the probationer demonstrates the court abused its discretion. *Id*. at 956. An abuse of discretion occurred if the trial court's decision was against the logic and effect of the facts and circumstances that were before the court.

[8] Here, Camplin admitted three violations of probation: failure to appear for her probation orientation, failure to undergo the substance abuse evaluation, and failure to pay costs and fees. Thus, we turn to whether the violations justified revocation of her probation. *See id.* at 955 (court found violation based on admissions and parties presented evidence as to proper sanction).

[9] Camplin testified that when she was released following her sentence, she found out that she was homeless and had no car or phone. She claimed she had no way to get to the probation orientation because she had no car and no friends to drive her there. She also testified that the monthly disability check she receives is not enough money for her to rent a place to live. Although Camplin claimed she tried to contact the probation department after she missed her November appointment, the probation department has no record that she called to reschedule her orientation or to report her location or status. As Camplin

provided no testimony to suggest the situation would be any different if the court kept her on probation, we cannot find an abuse of discretion in the trial court's decision to revoke Camplin's probation and order her to serve the remainder of her sentence incarcerated.[2]  *See id.* at 957 (affirming revocation of remainder of suspended sentence).

# Conclusion

Because the trial court did not abuse its discretion when it revoked the remainder of Camplin's two-year suspended sentence, we affirm.

Affirmed.

Baker, J., and Robb, J., concur.

---

[2] Camplin argues "the court skipped straight to the most severe sanction, when any number of intermediate sanctions would have been far more reasonable." (Br. of Appellant at 9.)  However, while the statute controlling dispositions of juvenile delinquents requires the court to place an offender in "the least restrictive (most family like) and most appropriate setting available," Ind. Code § 31-37-18-6, the statute controlling probation revocations includes no such restriction.  *See* Ind. Code § 35-38-2-3 (containing no restriction on the court's authority if probationer violates condition of probation prior to termination of probation).