**Eric BATTLE, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–0312–CR–646.**

Court of Appeals of Indiana.

Nov. 22, 2004.

Ann M. Sutton, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Eric Battle appeals his conviction for Resisting Law Enforcement,[1] a Class A misdemeanor. Specifically, Battle contends that his conviction must be set aside because the evidence was insufficient to prove that he knew the woman in civilian dress was a police officer. Finding no error, we affirm.

## FACTS

Around 2:00 p.m. on June 11, 2003, Indianapolis Police Officer Richard Weaver was engaged in an undercover drug operation in the 2300 block of East 10th Street near Keystone Avenue. Officer Weaver was wearing civilian clothes and a KEL set transmitter[2] and driving an unmarked car. As he drove slowly by an alley, Officer Weaver observed Battle and Michael Sanders standing next to a car in the alley. Officer Weaver made eye contact with the men, and Battle nodded to him, which in Officer Weaver's training and experience meant that the men wanted Officer Weaver to return and talk to them.

Officer Weaver drove his vehicle to the place where Battle and Sanders were standing, and Sanders waved as he walked toward the vehicle. Sanders asked Officer Weaver what he wanted, and Officer Weaver responded that he had twenty dollars. Sanders took the money, told Weaver, "I got you," and, after assuring Officer Weaver that he would not get "ripped off," walked over to Battle. Tr. p. 80–81. Through the rearview mirror, Officer Weaver observed Sanders hand something to Battle, and Battle appeared to pull something out from the crotch of his pants and give it to Sanders. Sanders then looked into his hand, clenched it, and walked back to Officer Weaver's vehicle. Sanders got into the front passenger seat of Officer Weaver's vehicle. Officer Weaver stated that Sanders did "not have anything to buy," and, holding up his fist, Sanders responded, "I've got a little bit in my hand." Tr. p. 92. Officer Weaver told Sanders to "[g]ive it or get out." Tr. p. 92. Sanders exited Officer Weaver's vehicle, walked back to where Battle was standing, and spoke to Battle. Sanders handed Battle the twenty-dollar bill, then they both walked away and did not return. Officer Weaver drove to an intersecting alley where he saw Battle get on a bicycle and ride away.

Officer Weaver called for backup to try to locate Sanders and Battle. Officer Karla Baldini, a member of Officer Weaver's backup team who was also dressed in civilian clothes with her badge around her neck on a chain and driving an unmarked vehicle, saw Battle on the bicycle. Officer Baldini drew her weapon, approached

---

1. Ind.Code § 35–44–3–3.

2. A KEL set transmitter is worn to record conversations the undercover officer has.

The backup team monitors the conversation to provide security to the undercover officer. Tr. p. 72.

within 2 to 3 feet of Battle with her badge out and shouted, "Stop. I'm the police. Don't run." Tr. p. 213. Battle turned, looked back at Officer Baldini, then turned around and began pedaling rapidly away from her. Officer Baldini yelled at least three more times for Battle to stop and not to run. Another member of the backup team apprehended Battle with the twenty-dollar bill a short time later.

On June 12, 2003, the State charged Battle with theft and resisting law enforcement. On October 22, 2003, a jury found Battle not guilty of theft but guilty of resisting law enforcement. The trial court sentenced Battle to 270 days in the Department of Correction, and Battle now appeals.

## DISCUSSION AND DECISION

Battle argues that the evidence was insufficient to convict him of resisting law enforcement. Specifically, he claims that he could reasonably disbelieve Officer Baldini's assertion that she was a police officer because of the surrounding circumstances.

When reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of the witnesses. *Brasher v. State*, 746 N.E.2d 71, 72 (Ind.2001). Rather, we look to the evidence most favorable to the verdict and the reasonable inferences drawn therefrom. *Id.* We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.* In order to convict Battle of resisting law enforcement, the State was required to prove that he: (1) knowingly or intentionally; (2) fled from a law enforcement officer; (3) after the officer, by visible or audible means, identified herself and ordered Battle to stop. Indiana Code § 35–44–3–3(a)(3).

Battle argues that he could reasonably disbelieve that Officer Baldini was in fact a police officer because she was wearing civilian clothes and driving an unmarked car. Our research has revealed that *Stack v. State*, 534 N.E.2d 253 (Ind.Ct.App.1989), is the only reported case in which a defendant raised this argument. In *Stack*, the undercover officer was in civilian clothing, driving an unmarked vehicle, and displayed no indication that he was an officer. *Stack*, 534 N.E.2d at 254–55. A panel of this court found that the evidence was insufficient to sustain a conviction for resisting law enforcement because the officer never identified himself to the defendant as a police officer, either visibly or audibly. *Id.* at 256.

*Stack* is distinguishable from the present case. Officer Baldini identified herself verbally as a police officer while her badge was displayed and ordered Battle to stop. Tr. p. 213. Thus, she identified herself by both visible and audible means. Battle, who was only two or three feet away from Officer Baldini at the time, turned to look at her, turned back, and began to ride swiftly away. Tr. p. 214, 215, 226. Under these circumstances, the jury could reasonably conclude that Battle saw and heard Officer Baldini. Thus, the evidence was sufficient to establish the necessary elements of fleeing from law enforcement.

The judgment of the trial court is affirmed.

KIRSCH, C.J., concurs.

ROBB, J., concurs with opinion.

ROBB, Judge, concurs with separate opinion.

I concur, but write separately to note that knowledge of a law enforcement officer's status is not required by the resisting statute, but has been required by caselaw

when the resistance occurs during an arrest. *See Sayles v. State*, 513 N.E.2d 183, 187 n. 3 (Ind.Ct.App.1987). "The rule in Indiana is that a private citizen may not use force in resisting a peaceful arrest by an individual whom he knows, *or has reason to know*, is a police officer...." *Alspach v. State*, 755 N.E.2d 209, 211 (Ind. Ct.App.2001) (emphasis added). As Battle was charged with fleeing and not with using force during an arrest, I believe Officer Baldini's status as a law enforcement officer was sufficient to sustain the conviction and Battle was not free to reasonably or unreasonably disbelieve her when she announced she was with the police. I thus concur in the majority opinion that sufficient evidence supports Battle's conviction.