**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Sep 04 2012, 9:41 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE, IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ARTRECE D. PATTERSON, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 48A05-1112-CR-693 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Defendant. | ) |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0910-FC-179

**September 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Artrece Patterson ("Patterson") appeals the trial court's finding of violation and revocation of his probation.

We affirm.

**Issues**

Patterson raises two issues for our review, which we restate as:

I.     Whether the State presented sufficient evidence to support revocation of his probation; and

II.    Whether the trial court abused its discretion in revoking his probation.

**Facts and Procedural History**

On May 6, 2010, Patterson was convicted, following a jury trial, of Residential Entry as a Class D felony, Resisting Law Enforcement as a Class A misdemeanor, and Carrying a Handgun Without a License as a Class A misdemeanor. On June 1, 2010, the trial court imposed a sentence of forty-two months, eighteen months of which were suspended to probation. On November 26, 2010, Patterson was released from prison and began serving probation.

During a controlled drug buy on August 22, 2011, Detective Gaskill and Officer Williams of the Madison County Drug Task Force were out of uniform and conducting surveillance on a house from an unmarked car when they observed Patterson walk to the front of the house and sit on the front steps. They approached and identified themselves as police officers, at which point Patterson fled on foot. The officers ordered him to stop but he kept running, leading the police on a chase through the yards of several neighboring homes.

He was apprehended after other officers and a K-9 unit joined the chase.

On October 26, 2011, the State filed a Notice of Violation of Probation alleging that, in connection with the events of August 22, 2011, Patterson committed Conspiracy to Commit Dealing in Cocaine as a Class B felony,[1] Resisting Law Enforcement as a Class A misdemeanor,[2] Residential Entry as a Class D felony,[3] and Criminal Mischief as a Class A misdemeanor.[4]

On November 29, 2011, the trial court held an evidentiary hearing to determine whether Patterson violated the terms of his probation, and if so, whether to revoke his probation. The trial court found that Patterson violated his probation by committing a new criminal offense, Resisting Law Enforcement as a Class A misdemeanor, and ordered him to serve the previously-suspended portion of his sentence. Patterson now appeals.

**Discussion and Decision**

Sufficiency of the Evidence

Patterson contends that the State failed to present sufficient evidence that he resisted law enforcement. More specifically, he argues that he could have reasonably disbelieved that Detective Gaskill and Officer Williams were police officers because they were wearing civilian clothes and driving an unmarked car. Patterson also argues that the trial court abused

---

[1] Ind. Code § 35-48-4-1(a)(1)(C).

[2] I.C. § 35-44-3-3(a)(3) (2011). Relevant subsection recodified at I.C. § 35-44.1-3-1, effective July 1, 2012. We refer to the version of the statute in force at the time of the alleged crime.

[3] I.C. § 35-43-2-1.5.

[4] I.C. § 35-43-1-2(a)(2)(A)(i).

its discretion in revoking his probation.

Probation revocation is a two-step process. Sanders v. State, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005) trans. denied. The trial court first must make a factual determination that a violation of a condition of probation actually occurred. Id. If a violation is proven, the trial court then must determine if the violation warrants revocation of probation. Id.

In reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the trial court's judgment, and we neither reweigh the evidence nor judge the credibility of the witnesses. Id. at 954-55. Probation revocation proceedings are civil in nature, and the State needs to prove a violation of probation only by a preponderance of the evidence. Thornton v. State, 792 N.E.2d 94, 96 (Ind. Ct. App. 2003) (citing I.C. § 35-38-2-3(e))[5]. If there is substantial evidence of probative value to support the trial court's decision that a defendant has violated any terms of probation, we will affirm the decision to revoke probation. Woods v. State, 892 N.E.2d 637, 639-40 (Ind. 2008).

A condition of Patterson's probation was to not violate Indiana law. (App. at 24.) Resisting law enforcement is a Class A misdemeanor, and occurs when a person "knowingly or intentionally[] . . . flees from a law enforcement officer after the officer has, by visible or audible means, . . . identified himself or herself and ordered the person to stop." I.C. § 35-44-3-3(a)(3). While knowledge of a person's status as a law enforcement officer is not required by statute, it has been required by case law when resistance occurs during an arrest. Battle v. State, 818 N.E.2d 56, 58-59 (Ind. Ct. App. 2004) (Robb, J., concurring with separate

_____

[5] Relevant subsection recodified at I.C. § 35-38-2-3(f), effective July 1, 2012. We refer to the version of the statute in force at the time of the alleged crime.

4

opinion) (citing Sayles v. State, 513 N.E.2d 183, 187 n.3 (Ind. Ct. App. 1987), trans. denied).

At Patterson's probation revocation hearing, Officer Williams of the Madison County Drug Task Force testified that during a controlled drug buy on August 22, 2011, Patterson fled when Detective Gaskill and Officer Williams identified themselves as police officers. They ordered Patterson to stop, but he continued to flee. After Patterson's arrest, he stated that "he took off running and that he had already began resisting arrest so he just continued to keep running[,]" that "he knowingly knew [sic] that Police Officers were in pursuit of him[,]" and that "he ran between the houses attempting to flee from Officers." (Tr. at 34-35.)

Based upon the facts and circumstances, the trial court could reasonably find by a preponderance of the evidence that when Patterson fled, he knew Gaskill and Williams were police officers. Therefore, it was reasonable for the court to conclude that Patterson was in violation of his probation. Patterson's argument that "[a]nyone can say he is an officer" is an invitation to reweigh evidence, which we cannot do. See Woods, 892 N.E.2d at 639.

### Sanction

Upon finding a probation violation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(g)(3) (2011).[6] The decision to revoke probation is within the sole discretion of the trial court. Woods, 892 N.E.2d at 639. The trial court's decision is reviewed for an abuse of discretion. Id. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. Sanders, 825 N.E.2d at 956. Given

---

[6] Relevant subsection recodified at I.C. § 35-38-2-3(h)(3), effective July 1, 2012. We refer to the version of the statute in force at the time of the alleged crime.

5

Patterson's criminal history and the fact that his conduct resulted in four new charges, we cannot say that the trial court abused its discretion when it ordered him to serve all of his suspended sentence.

## Conclusion

The State presented sufficient evidence to support revocation of Patterson's probation. The trial court did not abuse its discretion when it revoked Patterson's probation and ordered that he serve the remainder of his suspended sentence.

Affirmed.

RILEY, J., and CRONE, J., concur.