**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LAWRENCE MULRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1312-CR-1035 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda Brown, Judge
Cause No. 49F10-1309-CM-61428

**August 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Lawrence Mulry appeals his conviction of Class A misdemeanor resisting law enforcement.[1]  As the evidence was sufficient to support his conviction, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On September 16, 2013, Officer Craig Anderson of the Indianapolis Metropolitan Police Department (IMPD) was off-duty but was in his marked patrol car with his daughter in the drive-thru of a fast food restaurant in Indianapolis.  He heard a woman scream and she came running toward his car stating she was being held against her will.  She identified Mulry as the person who was holding her against her will, and she directed Officer Anderson to Mulry's location nearby.  Officer Anderson stopped his vehicle behind Mulry, stepped out of the vehicle, identified himself as a police officer, and ordered Mulry to stop.  Mulry ducked behind several cars, and Officer Anderson drove to the next aisle and got out of his vehicle.

Officer Anderson began pursuing Mulry on foot.  He identified himself multiple times as a police officer and told Mulry to stop.  Officer Anderson drew his firearm when Mulry reached into his pocket, and he again told Mulry to stop.  Mulry stopped and asked, "What are you going to do? Shoot me?" (Tr. at 9.)  Officer Anderson holstered the firearm and directed Mulry to get on the ground, but Mulry refused.  A struggle ensued and Officer Anderson had to deliver a strike to take Mulry to the ground.  Officer Anderson was in plain clothes and exited his vehicle so quickly that he did not have his handcuffs or radio.  He asked a civilian to call 911 and waited for back-up to take Mulry into custody.  While

---

[1] Ind. Code § 35-44.1-3-1(a) (2012).

waiting, Mulry continued to struggle and tried to put a handful of pills into his mouth. After back-up arrived, Mulry was handcuffed and taken into custody.

Mulry was convicted of Class A misdemeanor resisting law enforcement and sentenced to 237 days of probation.

## DISCUSSION AND DECISION

When reviewing a challenge to the sufficiency of evidence, we do not reweigh evidence or judge credibility of witnesses. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider only the probative evidence and reasonable inferences supporting the verdict. *Id.* The evidence need not overcome every inference of innocence. *Id.* at 147. We affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.*

To convict Mulry of Class A misdemeanor resisting law enforcement, the State was required to prove beyond a reasonable doubt that Mulry knowingly and forcibly resisted Officer Anderson while Officer Anderson was lawfully engaged in the execution of his duties as a police officer. *See* Ind. Code § 35-44.1-3-1(a)(1) (2012) (establishing the elements of resisting law enforcement). Mulry argues on appeal he did not act knowingly because he did not know Officer Anderson was a police officer until he had been subdued.

Mulry's argument is a request to reweigh the evidence which we cannot do. *See Drane*, 867 N.E.2d at 146 (stating we will not reweigh the evidence on appeal). Mulry first saw Officer Anderson in his marked police vehicle with a light bar on the roof, and Officer Anderson verbally identified himself multiple times as a police officer. There is sufficient

3

evidence that Mulry knew Officer Anderson was a police officer when he resisted arrest. *See Battle v. State*, 818 N.E.2d 56, 58 (Ind. Ct. App. 2004) (holding Battle knew an officer in plain clothes and in an unmarked police car was a police officer when she verbally identified herself as a police officer and had a badge around her neck). Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.