**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Sep 11 2012, 9:19 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH V. HAAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 42A05-1202-CR-80 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable W. Timothy Crowley, Judge
Cause No. 42D01-0801-FA-5

**September 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Joseph Haas appeals his sentence following the revocation of his probation.  He presents a single issue for our review, namely, whether the trial court abused its discretion when it denied his request to participate in work release in lieu of incarceration.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In November 2009, Haas pleaded guilty to possession of methamphetamine, as a Class B felony.  The trial court imposed a twelve-year sentence, all suspended to probation.  And the trial court ordered that Haas would serve the first six years of his probation at the Wabash Valley Regional Community Corrections Work Release Center.[1]  A few weeks after sentencing, in January 2010, Haas admitted to having violated the terms of his probation by visiting a common nuisance and by violating the terms of the work release program by being "'Out of Bounds' Unaccountable."  Appellant's App. at 169.  Accordingly, the trial court revoked the work-release portion of Haas's sentence, six years, and ordered that Haas serve those six years in the Department of Correction ("DOC").  Haas was to complete an additional six years of supervised probation after his release from the DOC.

On May 17, 2011, after Haas's release from the DOC and while he was on supervised probation, the State filed a notice of probation violation alleging that Haas had tested positive for methamphetamine and had received stolen property.  Haas admitted to

---

[1]  The trial court's order is somewhat confusing in that it refers to the "executed portion of Defendant's suspended sentence[.]"  Appellant's App. at 178.

2

both violations, and the trial court revoked his probation. At sentencing, Haas asked that he be placed in work release. The trial court denied that request and ordered Haas to serve the remainder of his sentence, six years, in the DOC. This appeal ensued.

## DISCUSSION AND DECISION

Haas' sole contention on appeal is that the trial court abused its discretion when it ordered him to serve six years in the DOC. In particular, Haas asserts that "[t]he trial court's finding that work release is inappropriate is inconsistent with the evidence and with the disposition in the Receiving Stolen Property case,[2]" which was the basis of one of his probation violations. Brief of Appellant at 7. We cannot agree.

We review a trial court's sentencing decision following a probation revocation for an abuse of discretion. Sanders v. State, 825 N.E.2d 952, 957 (Ind. Ct. App. 2005). An abuse of discretion will be found "where the decision is clearly against the logic and effect of the facts and circumstances." Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007).

Indiana Code Section 35-38-2-3 provides in relevant part:

(h) If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:

(1) Continue the person on probation, with or without modifying or enlarging the conditions.

(2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

(3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

---

[2] Haas alleges that because he was sentenced to work release for the receiving stolen property conviction, it follows that he was a "proper candidate" for work release in this case. Brief of Appellant at 10. We reject Haas' reasoning on this issue.

In support of his contention on appeal, Haas concedes that he was "responsible for his return to prison from failed work release" following his first probation revocation in January 2010, but, he maintains, "he now has a special motivation for complying with the conditions of work release which he lacked previously." Brief of Appellant at 9. Haas then describes the "emotional bond with his son" that has since developed, and his desire for "specialized care for his drug addiction." Id. at 9-10. Haas asserts that the trial court's "rejection of work release" is "against the logic and effect of the facts in this case." Id. at 8.

But our review of the trial court's sentencing statement shows that the court gave careful consideration to Haas' request and weighed it against the State's recommendation that Haas serve his sentence in the DOC. Indeed, the trial judge revealed that he has known Haas "for a long time," having represented him as a defense attorney twenty-one years prior, and that he has been "pulling for [Haas] for a long time." Transcript at 41. But given Haas' history of probation violations, the trial court concluded that work release was not appropriate and imposed the six-year sentence in the DOC. Haas has not demonstrated that the trial court's imposition of this sentence is against the logic and effect of the facts. The trial court did not abuse its discretion when it sentenced Haas to six years at the DOC.

Affirmed.

KIRSCH, J., and MAY, J., concur.