## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2015, 10:25 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Lawrence M. Hansen
Hansen Law Firm
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jonathan Diaz,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 31, 2015

Court of Appeals Case No.
29A02-1502-CR-112

Appeal from the Hamilton Circuit Court

The Honorable Paul A. Felix, Judge

Trial Court Cause No.
29C01-1208-FC-8331

**Pyle, Judge.**

## Statement of the Case

Jonathon Diaz ("Diaz") appeals the trial court's order revoking his probation and ordering him to serve 490 days of his previously 550-day suspended

sentence. He argues that this sentence is inappropriate pursuant to Appellate Rule 7(B). Because we review a trial court's imposition of a previously suspended sentence for an abuse of discretion, and we find no such abuse in this case, we affirm the trial court's revocation of Diaz's probation.

Affirmed.

## Issue

Whether the trial court abused its discretion by ordering Diaz to serve part of his previously suspended sentence.

## Facts

In January 2013, Diaz pled guilty to Class D felony operating a motor vehicle as a habitual traffic violator in exchange for the State's dismissal of his other charges of Class C felony operating a motor vehicle after forfeiture of license and Class B misdemeanor false informing. Thereafter, the trial court imposed a sentence of 1,095 days, with 545 days executed,[1] 550 days suspended, and 365 days of probation.

On August 28, 2014, the State filed a notice of probation violation, alleging that Diaz had violated his probation by: (1) failing to report to the Probation Department as directed; and (2) committing new offenses—Class C felony operating a motor vehicle after forfeiture of his license for life and Class D

---

[1] The trial court ordered Diaz to serve 365 days of his executed sentence in the Department of Correction followed by 180 days in the Hamilton County Work Release Program.

felony identity deception in Howard County in February 2014—and failing to report them to the Probation Department within 48 hours.

On January 22, 2015, the trial court held a probation hearing, during which Diaz admitted that he had violated his probation as alleged.[2]  The trial court determined that Diaz had violated his probation and ordered him to serve 490 days of his previously 550-day suspended sentence.  Diaz now appeals.

## Decision

Diaz argues that the trial court erred by ordering him to serve part of his previously suspended sentence in the Department of Correction.  Diaz suggests that we should apply the standard of review from a sentence review under Indiana Appellate Rule 7(B).  Our Indiana Supreme Court, however, has explained that "[t]his is not the correct standard to apply when reviewing a sentence imposed for a probation violation." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing."  IND. CODE § 35-38-2-3(h)(3).  "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to

---

[2] Diaz indicated that, in regard to the new offenses, he had pled guilty to the Class C felony, and the Class D felony was dismissed.

proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[8]    The record reveals that the trial court had ample basis for its decision to order Diaz to serve part of his previously suspended sentence in the Department of Correction. Here, Diaz violated his probation, in part, based on the commission of another habitual traffic violator offense, which is the same type of offense as the one for which he was placed on probation. Indeed, when determining what part of Diaz's suspended sentence to impose, the trial judge specifically addressed Diaz and discussed this as part of its reasoning for imposing part of his suspended sentence. The trial judge told Diaz that he had continued to make bad decisions despite assuring the judge during the January 2013 sentencing hearing that he would not drive again. The trial court acknowledged Diaz's choice to admit to the probation violations, but it stated that Diaz's actions in committing a new traffic violator offense and not reporting the offense to the probation department involved a violation of trust. Furthermore, the presentence investigation report reveals that Diaz, who was twenty-eight when he committed the original Class D felony driving offense,

has a rather substantial criminal history, including multiple convictions relating to driving without a license.

[9] Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Diaz to serve part of his previously suspended sentence in the Department of Correction. For the foregoing reasons, we affirm the trial court's revocation of Diaz's probation.

[10] Affirmed.

Vaidik, C.J., and Robb, J., concur.