## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 17 2016, 8:40 am
*Kevin S. Smith*
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Samantha J. Perez
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

February 17, 2016

Court of Appeals Case No.
36A01-1507-CR-814

Appeal from the Jackson Circuit Court

The Honorable William E. Vance, Senior Judge

Trial Court Cause No.
36C01-1212-FC-81

**Mathias, Judge.**

[1] Samantha Perez ("Perez") appeals her probation revocation and argues that the Jackson Circuit Court abused its discretion when it ordered her to serve the balance of the previously suspended three-year sentence in the Department of Correction.

[2] We affirm.

## Facts and Procedural History

[3] On March 27, 2013, Perez entered into a plea agreement agreeing to plead guilty to one count of Class C felony forgery. In exchange for her guilty plea, the State agreed to dismiss eight additional Class C felony forgery counts. Pursuant to the terms of the plea agreement, on June 2, 2013, Perez was ordered to serve a four-year sentence, with one year served in home detention as a direct commitment through community corrections and the remaining three years suspended to supervised probation. Perez also agreed to pay restitution to the victims of the nine charged forgeries.

[4] On October 14, 2013, the State filed a petition to revoke Perez's home detention after she was charged with possessing methamphetamine, marijuana, and drug paraphernalia. A second petition was filed shortly thereafter alleging that Perez left her residence without permission, failed to maintain steady employment, failed to remain current on her home detention fees, and had an individual in her home who was wanted on an active arrest warrant.

[5] On January 29, 2014, Perez admitted that she violated the terms of her home detention and agreed that she would serve the remainder of her home detention

sentence in a correctional facility. In exchange, the State agreed to dismiss its October 14, 2013, petition to revoke Perez's probation. After she was released from incarceration, Perez began serving her three-year term of supervised probation.

[6] On March 30, 2015, the State filed petition to revoke Perez's probation alleging that Perez violated her probation by committing Class A misdemeanor theft. Specifically, the allegation was that she shoplifted a hairbrush and a flashlight. Perez admitted that she violated her probation. On June 17, 2015, the trial court ordered Perez to serve the balance of her previously suspended three-year sentence in the Department of Correction. Perez now appeals.

## Discussion and Decision

[7] Perez argues that the trial court abused its discretion when it revoked her probation and ordered her to serve the balance of her previously suspended three-year sentence. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Once a court has exercised this grace, the judge has considerable leeway in deciding how to proceed. *Id.* It is thus within the discretion of the court to determine the conditions of the defendant's placement and to revoke that placement if those conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs where the decision is clearly against the logic and effects of the facts and circumstances before the court. *Prewitt*, 878 N.E.2d at 188.

[8] Once a trial court has determined that probation has been violated, it may continue the defendant on probation, extend the probationary period for not more than one year beyond the original period, or order all or part of the previously suspended sentence to be executed. Ind. Code § 35-38-2-3(h). The imposition of an entire suspended sentence is within the trial court's discretion. *See Sanders v. State*, 825 N.E.2d 952, 957-58 (Ind. Ct. App. 2005), *trans. denied*.

[9] Perez claims that ordering her to serve the balance of her previously suspended three-year sentence, i.e., the most severe sanction allowed under Indiana Code section 35-38-2-3(h), is not warranted because she has a minimal criminal history, she admitted to the violation, and she expressed remorse. Perez also argues that she has attempted to maintain employment but was let go from her job. She claims that she is willing to make restitution but has not had the ability to do so. Perez also has four children, and at the revocation hearing, she argued that her incarceration would be a hardship for them.

[10] The trial court doubted Perez's claim that she had been employed because no evidence was presented that would have corroborated her claim. In addition, Perez's inability to comply with the conditions of her home detention and probation is well documented in this case. The trial court noted and the record establishes that Perez has had numerous chances to prove that she is able to successfully complete her sentence in home detention and according to the terms of her probation. Given the facts and circumstances of this case, and particularly the fact that Perez's most recent violation of a condition of her probation was committing theft, we conclude that the trial court acted within its

discretion when it ordered Perez to serve the balance of her previously suspended three-year sentence.

[11]     Affirmed.

Kirsch, J., and Brown, J., concur.