## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 19 2017, 8:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amanda O. Blackketter
Blackketter Law, LLC
Shelbyville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rebecca Michelle Mason,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 19, 2017

Court of Appeals Case No.
73A01-1606-CR-1370

Appeal from the Shelby Superior Court

The Honorable David N. Riggins, Judge

Trial Court Cause No.
73D02-1408-F6-33

**Pyle, Judge.**

# Statement of the Case

Rebecca Mason ("Mason") appeals the trial court's order revoking her probation and ordering her to serve her previously suspended sentence following her admission that she committed a new offense. Mason argues, and the State concedes, that the trial court's probation revocation order contains a scrivener's error that needs to be corrected on remand. Additionally, Mason contends that the trial court abused its discretion by ordering her to serve the remainder of her previously suspended sentence. Concluding that the trial court did not abuse its discretion by ordering Mason to serve her previously suspended sentence, we affirm the trial court's revocation of Mason's probation and remand for correction of the scrivener's error.

We affirm and remand.

# Issues

1. Whether the trial court's order should be remanded to correct a scrivener's error.

2. Whether the trial court abused its discretion by ordering Mason to serve her previously suspended sentence.

# Facts

In August 2014, Mason pled guilty to Level 6 felony operating a vehicle while intoxicated ("OWVI") with a prior conviction. The trial court imposed a sentence of 540 days, with thirty (30) days executed and 510 days suspended to probation. The trial court also suspended Mason's driver's license for 365 days.

[4] In March 2015, the State filed a notice of probation violation, alleging that Mason had violated her probation by, among other things, consuming alcohol. In September 2015, Mason admitted to the violation. The trial court ordered that eighty-eight (88) days of Mason's previously suspended sentence were to be executed, with credit for time served, and it continued her on probation.

[5] Thereafter, on May 11, 2016, the State filed a second notice of probation violation, alleging that Mason had violated her probation by being arrested and charged, in Johnson County, with Level 6 felony operating a vehicle after being an habitual traffic violator ("HTV").[1] Approximately one week later, the State filed an addendum to the revocation petition, alleging that Mason had violated her probation by consuming alcohol as evidenced by a Breathalyzer test result of 0.013. Subsequently, on June 1, 2016, the State filed a second addendum to the revocation petition, alleging that Mason had also violated probation by committing the offense of dealing a controlled substance.

[6] The trial court held a probation revocation hearing on June 9, 2016. During the hearing, Mason admitted that she had violated probation as alleged in the State's May 11, 2016 petition; specifically, she admitted that she had committed the offense of Level 6 felony operating a vehicle after being an HTV in Johnson

---

[1] The May 11, 2016 chronological case summary ("CCS") entry for this probation revocation petition provides that "State files a 2nd Petition To Revoke Probation alleging therein that Def committed the offense of *OVWI after being habitual traffic violator* . . . ." (App. 8) (emphasis added). The State's probation revocation petition, however, clearly alleged otherwise. Specifically, the revocation petition alleged that Mason had committed the offense of "OPERATING A VEHICLE AFTER BEHING (sic) HABITUAL TRAFFIC VIOLATOR[.]" (App. 46) (capitalization of all letters in original). (App. 46).

County. The trial court then stated that it was finding that she had violated her probation based upon her admission that she had committed operating a vehicle after being an HTV.[2]

[7] The trial court then proceeded to a consideration of the appropriate sanction based on that violation. Mason's counsel questioned her about her first probation violation and how it was resolved. Her counsel also asked Mason whether she had "been clean" since she had last been in court for her first probation violation. (Tr. 21). Mason responded that she "had not drank (sic) a drop" since that time. (Tr. 21). The trial court then asked Mason about the addendum that alleged that she had consumed alcohol. Mason responded that, at the time of the Breathalyzer test, she had been sick for three weeks and had taken something but had not consumed alcohol.

[8] The trial court ordered Mason to serve the remaining 270 days of her previously suspended sentence in the Shelby County Jail, applied her applicable credit time, and terminated her probation. Mason now appeals.

---

[2] The trial court's June 9, 2016 order and the corresponding CCS entry (dated June 10, 2016), however, erroneously indicate that Mason had admitted to committing the offense of "OWVI after being HTV in Johnson County." (App. 11, 15). Additionally, that CCS entry also erroneously indicates that the trial court "finds that Defendant violated probation by consuming alcohol while on probation[.]" (App. 11). A review of the transcript from the probation revocation hearing indicates that the trial court's revocation of Mason's probation was based solely upon her admission that she had committed operating a vehicle after being an HTV. *See* Tr. 23 (revealing that trial court stated that it was "not finding she violated probation" by consuming alcohol).

# Decision

Mason argues that: (1) the trial court's probation revocation order contains a scrivener's error; and (2) the trial court abused its discretion by ordering her to serve the remainder of her previously suspended sentence. We will address each argument in turn.

## 1. Scrivener's Error

The parties agree that Mason admitted to violating probation based upon her commission of the new offense of driving a vehicle after being an HTV. Mason contends, and the State concedes, that the trial court's probation revocation order contains a scrivener's error. Specifically, the trial court's written probation revocation order indicates that Mason admitted to violating her probation based on the commission of the offense of "OVWI after being HTV." (App. 15). Because the parties agree, and a review of the record reveals, that the revocation of Mason's probation was based upon her commission driving a vehicle after being an HTV, we remand to the trial court with instructions to correct this scrivener's error in its probation revocation order and the corresponding entry in the CCS. Additionally, the trial court is instructed to correct that same CCS entry to correctly reflect that basis for its revocation of Mason's probation.

## 2. Suspended Sentence

Mason argues that the trial court abused its discretion by ordering her to serve her previously suspended sentence.

[12] Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[13] The record reveals that the trial court had ample basis for its decision to order Mason to serve her previously suspended 270-day sentence in the county jail. Here, Mason—who was on probation for her original Level 6 felony OVWI conviction—was before the trial court on her second probation revocation petition. Upon her first revocation petition, she admitted that she had violated probation by consuming alcohol, and the trial court ordered her incarcerated for eighty-eight days, after which, she was allowed to remain on probation. Then, upon this second revocation petition, Mason admitted that she had again violated probation, this time by committing the offense of driving a vehicle after being an HTV. After ordering Mason to serve the remainder of her previously

suspended sentence, the trial court attempted to offer Mason some words of encouragement:

> This is a setback for you. It's not the end though. You can still do great things, but you've got to get your, your life under control. Do you understand that? . . . It's very chaotic right now, and it looks to me like you have several other matters coming up that you're gonna have to deal with.

(Tr. 27).

[14] On appeal, Mason contends that the trial court erroneously considered the allegations contained in the probation violation addendums when determining the sanction for her probation violation. Specifically, she asserts that the trial court's statement that Mason had "several other matters coming up" indicates that the trial court considered the other probation violation allegations when sentencing her and possibly when revoking her probation. We disagree.

[15] The trial court specifically stated that it understood that Mason was not admitting to any of the allegations contained in the probation revocation addendums, and the trial court indicated that it was not basing the revocation of her probation on the alcohol consumption allegation. Moreover, a review of the record indicates that the trial court's statement about "several other matters coming up" could very well have been in reference to Mason's testimony that she had been "in the middle of court" trying to regain custody of her children and had filed a protective order against her husband who had gotten out of prison "for battery on [her] son[.]" (Tr. 20, 21).

[16] Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Mason to serve her previously suspended sentence. For the foregoing reasons, we affirm the trial court's revocation of Mason's probation. As noted above, we remand to the trial court with instructions to correct its probation revocation order and the corresponding entry in the CCS to accurately indicate that Mason admitted to violating probation based upon her commission of the new offense of driving a vehicle after being an HTV (not the offense of OVWI after being an HTV). Additionally, the trial court is instructed to correct that same CCS entry to correctly reflect that basis for its revocation of Mason's probation (i.e., removing the language that indicates that the trial court found that Mason violated probation by consuming alcohol while on probation).

[17] Affirmed and remanded.

Baker, J., and Mathias, J., concur.