## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 29 2018, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Laura Sorge Fattouch<br>Lawrenceburg, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Lee M. Stoy, Jr.<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cameron Schmidt,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 29, 2018<br><br>Court of Appeals Case No.<br>18A-CR-119<br><br>Appeal from the Ripley Superior Court<br><br>The Honorable Jeffrey Sharp,<br>Special Judge<br><br>Trial Court Cause No.<br>69C01-1301-FB-2 |

**Pyle, Judge.**

# Statement of the Case

[1] Cameron Schmidt ("Schmidt") appeals the revocation of his probation, arguing that the trial court abused its discretion by ordering him to serve three years of his previously suspended ten-year sentence. Finding no error, we affirm the trial court's judgment.

[2] We affirm.

# Issue

Whether the trial court abused its discretion by ordering Schmidt to serve part of his previously suspended sentence.

# Facts

[3] In January 2013, the State charged eighteen-year-old Schmidt with three counts of Class B felony arson. In June 2014, Schmidt entered into a plea agreement and pled guilty to one count of Class B felony arson in exchange for the State's dismissal of the remaining two counts and agreement that Schmidt would be sentenced to twenty years in the Indiana Department of Correction ("DOC") and have ten years suspended to probation. The trial court accepted Schmidt's guilty plea and, pursuant to the plea agreement, imposed a twenty (20) year sentence, with ten (10) years executed at the DOC and ten (10) years suspended to probation. Schmidt was required to report monthly to probation.

[4] Schmidt was released from incarceration in May 2017. A few months later, on December 4, 2017, the State filed a notice of probation violation, alleging that Schmidt had violated his probation by failing to report for scheduled probation

appointments as directed on November 21 and November 30, 2017. Thereafter, the trial court held a probation revocation hearing. During the hearing, the State presented testimony from Schmidt's probation officer, Cody Tillison ("Probation Officer Tillison"), who was responsible for supervising moderate to high-risk probationers. Probation Officer Tillison testified that Schmidt was scheduled to appear at his probation appointment on November 21, 2017, but he failed to appear. On November 22, Probation Officer Tillison mailed Schmidt a letter at the P.O. box address that Schmidt had provided to the probation department. The letter notified Schmidt that he had failed to report and that his next scheduled appointment was set for November 30. Probation Officer Tillison testified that Schmidt, however, did not report for the November 30th appointment. Additionally, Probation Officer Tillison testified that Schmidt had also failed to report for an appointment in August but that no violation was filed for this August appointment.

[5] Schmidt testified and offered reasons why he had missed the appointments. He testified that he knew he had an appointment on November 21 and stated that he did not attend it because he went the funeral of his grandmother who had died on November 17. He testified that he called Probation Officer Tillison on the day of the funeral, November 21, and left a voicemail for the probation officer. As for the November 30 appointment, Schmidt testified that he did not have a key to access the P.O. box and did not regularly check it and that, as a result, he did not get the letter until after the appointment had passed. Schmidt

also called his father as a witness, and his father tried to take the blame for Schmidt's failure to report.

[6]   The trial court determined that Schmidt had violated his probation by failing to report to probation. The trial court revoked a portion of Schmidt's probation and ordered him to serve three years of his previously suspended ten-year sentence. When making this determination, the trial court stated the following:

> Mr. Schmidt was on a monthly reporting basis . . . [when] he failed to report to his probation on November 21st. The Court is not unsympathetic to the fact that he was at a funeral for his grandmother. If it was left just to that, then this might be a little more complicated from an adjudication stand point, however he was given another date for November 30th[,] and he failed to report to that. So the Court does find that the State has proven by a preponderance of the evidence that he has violated his probation. With regards to [the] post office box, him not having a key, he is on probation for a major felony, I mean that you are going to give an address to probation, it better be one that you are going to be able to get mail at. So, one can only assume that he was either anticipating receiving mail there or would make the necessary arrangements to receive mail there, if that was not done, it is on Mr. Schmidt. Probation, Mr. Tillison probably has over two hundred and fifty people he is supervising, he can't hold their hand. He can only take the information that is given to him and that is the information he as to go with. That is the of [sic] Mr. Schmidt to provide him with a good address, so therefore the Court does find the State has proven beyond a preponderance of the evidence that he has violated his probation. As to the disposition, the Court looks to Mr. Schmidt's prior criminal history as an aggravating factor and [he] has a juvenile delinquency for three separate Auto Thefts, which he spent ten months at the boys school, he has a Theft from Rush County, a[n] Auto Theft from Franklin County. He was on probation for

Arson, as a major felony, as a Class B felony. In looking at the probable cause affidavit, there w[ere] two separate fires set in this matter intentionally, one to a garage, one to what seems to be, it says a trailer and I'm assuming a mobile home, those were intentional. Mr. Schmidt pled guilty to the Arson, once again it is a major, major felony, when you talk about the locations of the fires, it's a residential area and you are putting many individuals at risk. This was a very serious offense. The Court does consider the fact that Mr. Schmidt was employed. The Court also considers the fact [that] Mr. Schmidt has not taken responsibility for it . . . He is twenty-three years old, this is his fault. Basing all of the aggravators and mitigating factors, based on the fact that this is a major felony, the Court does find a reasonable sentence to be to revoke[] three years of his suspended sentence . . . And just for the record, . . . the other thing the Court did consider as an aggravating factor, he failed to report in August as well and there was no violation filed, but this would be his second missed appointment in six months, so just in a six-month time period, he has missed one[-]third of his probation appointments.

(Tr. 18-19). Schmidt now appeals.

# Decision

[7] Schmidt does not challenge the trial court's determination that he violated probation. Instead, he argues that the trial court abused its discretion by ordering him to serve three years of his previously suspended ten-year sentence. We disagree.

[8] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke

probation if the conditions are violated. *Id.*; *see also* IND. CODE § 35-38-2-3(a). Indeed, violation of a single condition of probation is sufficient to revoke probation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007). Upon determining that a probationer has violated a condition of probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." IND. CODE § 35-38-2-3(h)(3). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* As a result, we review a trial court's sentencing decision from a probation revocation for an abuse of discretion. *Id.* (citing *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[9]     While grace and leniency are a part of the administration of justice, Schmidt's argument would carry more weight if this conviction involved a less serious offense. However, the record reveals that the trial court had a sufficient basis for its decision to order Schmidt to serve three years of his previously suspended ten-year sentence in the DOC. Most significantly, Schmidt received tremendous leniency when the trial court accepted his guilty plea to the one count of Class B felony arson and imposed a sentence according to his plea agreement that allowed him to serve half of his twenty-year sentence on

probation. Schmidt, however, squandered this opportunity when he failed to comply with the requirements of probation within the first few months of probation. Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Schmidt to serve less than one-third of his previously suspended sentence. For the foregoing reasons, we affirm the trial court's revocation of Schmidt's probation.

Affirmed.[1]

Vaidik, C.J., and Barnes, Sr.J., concur.

---

[1] We reject Schmidt's reliance on *Johnson v. State*, 62 N.E.3d 1224 (Ind. Ct. App. 2016), as support for his argument that the trial court abused its discretion when it ordered him to serve of a portion of his suspended sentence. In *Johnson*, the defendant received a seven-year executed sentence on home detention through community corrections and a four-year suspended sentence to probation. The defendant had limited intellectual ability, difficulty understanding the conditions of his community corrections placement, limited resources, and had previously been successful on work release. Based on the defendant's failure to fully pay fees and failure to follow instructions about where and when to be outside his apartment unit, the trial court revoked the defendant's entire executed sentence and ordered him to serve it in the DOC. Citing to the various factors in the record, including the defendant's mental limitations, limited resources, previous success on work release, nature of the violation, and severity of the revocation sentence, our Court held that the trial court had abused its discretion by finding that the defendant's violation "warranted serving the entirety of the remaining portion of his executed sentence in the DOC." *Johnson*, 62 N.E.3d at 1231. Here, unlike *Johnson*, the trial court did not order Schmidt to serve the entirety of his suspended ten-year-sentence, and Schmidt does not point to anything in the record to indicate that he has limited intellectual ability or that he had difficulty understanding that the terms of his probation for his Class B felony arson conviction.