## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 13 2019, 10:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 13, 2019

Court of Appeals Case No.
19A-CR-1158

Appeal from the
Noble Circuit Court

The Honorable
Michael J. Kramer, Judge

Trial Court Cause No.
57C01-1510-F4-9

**Kirsch, Judge.**

[1] After David Johnson ("Johnson") admitted to violating the terms of his probation for his conviction for Level 4 felony child molesting,[1] the trial court revoked Johnson's probation and ordered him to serve his previously suspended four-year sentence. Johnson raises one issue, which we restate as whether the trial court abused its discretion in ordering Johnson to serve his previously-suspended sentence because Johnson's failure to comply with the terms of his probation was the result of a serious foot injury, which eventually resulted in his homelessness.

[2] We affirm.

## Facts and Procedural History

[3] Between August 1, 2014, and November 1, 2014, Johnson engaged in fondling and touching with B.F., a twelve-year-old child. *Appellant's App. Vol. II* at 16. Johnson and B.F. both masturbated together in a bedroom, Johnson touched B.F.'s penis, and B.F. touched Johnson's penis. *Id*. at 15-17. On October 6, 2015, Johnson was charged with Level 4 felony child molesting. *Id*. at 15. On March 3, 2016, Johnson pleaded guilty to the offense as charged and was sentenced to eight years with four years suspended to probation. *Id.* at 45-46. Johnson began his probation on October 23, 2018, and, within four months, he began violating the terms of his probation. *Appellant's Conf. App. Vol. II* at 80. On January 24, 2019, Johnson failed to attend his sex offender treatment

---

[1] *See* Ind. Code § 35-42-4-3(b).

program, and at the time of the March 5, 2019 probation violation report he still had not attended any sessions. *Id.*; *Tr. Vol. 2* at 13. Johnson also missed an appointment with his probation officer and failed to advise the probation officer about his change of address or provide a current phone number. *Id.* at 12-13. On March 5, 2019, the State filed a probation violation report, alleging that Johnson failed to: 1) report to probation; 2) register a new address within seventy-two hours of changing his residence; 3) provide a current phone number; and 4) attend sex offender treatment. *Appellant's App. Vol. II* at 78-79; *Tr. Vol. 2* at 12-13.

[4] On April 29, 2019, Johnson admitted to violating the terms of his probation. *Tr. Vol. 2* at 10-15; *Appellant's App. Vol. II* at 6. He asked the trial court for a lenient sanction because he claimed unusual circumstances beyond his control made it difficult to follow all terms of his probation. *Tr. Vol. 2* at 13. Specifically, he explained that he had broken his foot at work, and that the injury caused him to lose his job, and without a source of income, he eventually became homeless. *Id.* Thus, Johnson claimed he was not "snubbing his nose at the court" by failing to meet his probation obligations. *Id.*

[5] The trial court reviewed Johnson's criminal history, which included informal juvenile probation for criminal mischief and the following adult convictions and probation offenses: Class A misdemeanor theft; Class A misdemeanor residential entry; Class B misdemeanor criminal recklessness; Class D felony theft; Class A misdemeanor criminal trespass; Class B misdemeanor public intoxication; and three probation violations. *Appellant's Conf. App. Vol. II* at 36-

37. After also considering the nature of Johnson's probation violations and the nature of his underlying conviction for child molesting, the trial court revoked Johnson's probation and ordered him to serve his previously suspended four-year sentence. *Tr. Vol. 2* at 14; *Appellant's App. Vol. II* at 6. Johnson now appeals. Johnson now appeals.

## Discussion and Decision

[6] Johnson argues that the trial court abused its discretion in ordering him to serve the previously suspended four years of his initial eight-year sentence. In support, he makes three arguments. First, he contends that his injury prevented him from working, which eventually resulted in his homelessness. These circumstances, he argues, "rendered difficult his compliance with the myriad of probation conditions" and that such "challenging circumstances are unlikely to be repeated." *Appellant's Amended Br.* at 9. As to his delay in reporting a new address, Johnson argues that he could not provide a new address until he found a new home. Once he found a new home, he reported the new address to Noble County authorities before the State filed its probation violation report. *Tr. Vol. 2* at 13. Second, Johnson argues that his criminal history did not justify the trial court's sentence because his offenses occurred many years ago, noting that the last conviction and last probation violation occurred at least fifteen years before the trial court imposed the probation violation sanction here. *Appellant's Conf. App. Vol. II* at 37. "Such a chronologically distant criminal history does not support imposition of the maximum sanction in this case." *Appellant's Amended Br*. at 10. Third, Johnson argues that the trial court abused

its discretion in finding that the nature of Johnson's underlying offense – child molesting – was a basis for the maximum sanction for Johnson's probation violations. Johnson contends there is no legal basis to impose the maximum sanction based on the nature of the underlying offense.

[7] We review Johnson's claims under the following standard:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (internal citations omitted).

[8] Upon determining that a probationer has violated a condition of probation, a trial court may:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

>       (3) *Order execution of all* or part *of the sentence that was suspended at
>       the time of initial sentencing*.

Ind. Code § 35-38-2-3(h) (emphasis added). Thus, the imposition of an entire

suspended sentence lies within the trial court's discretion. *Sanders v. State,* 825

N.E.2d 952, 958 (Ind. Ct. App. 2005), *trans. denied*.

[9]     Here, the initial sentencing court suspended four years, or fifty percent, of

Johnson's sentence for child molesting. Because probation is a matter of grace,

not right, the trial court did not abuse its discretion in ordering Johnson to serve

the suspended part of his sentence, *see Prewitt v. State*, 878 N.E.2d at 188,

because Indiana Code section 35-38-2-3(h)(3) expressly allowed the trial court

to do so: "[T]he trial court may . . . [o]rder execution of all or part of the

sentence that was suspended at the time of initial sentencing." Thus, the trial

court acted within its discretion when it ordered Johnson to serve his entire

suspended sentence as explicitly authorized by statute. *See Sanders,* 825 N.E.2d

at 958. Johnson's substantial criminal record -- convictions for one felony and

five misdemeanors -- buttresses our conclusion that the trial court did not abuse

its discretion in ordering Johnson to serve the suspended portion of his

sentence. Whether to minimize the importance of that criminal record because

most of the offenses were old, or "chronologically distant" to use Johnson's

words, was a matter for the trial court to weigh, not this court. As to Johnson's

claim this his misfortunes minimize his culpability for his probation violations,

we find that the trial court was in a better position than this court to determine

whether to credit such testimony and what bearing, if any, it should have on

determining the sanction for Johnson's probation violations. That said, we take note of the State's argument that Johnson might have avoided these violations had he simply made one phone call to the probation department. At the March 5, 2019 initial hearing on the probation violation, Johnson testified that he had access to a phone. *Tr. Vol. 2* at 6. At the April 29, 2019 sentencing hearing on the probation violation, Johnson did not testify that he did not have access to a phone. *Tr. Vol. 2* at 11-14. The trial court did not abuse its discretion in ordering Johnson to serve the previously suspended four years of his initial sentence.[2]

[10] Affirmed.

Baker, J., and Crone, J., concur.

---

[2] Because we find ample grounds to affirm the trial court's sentencing decision, we need not address Johnson's claim that the trial court should not have cited the nature of Johnson's underlying crime – Level 4 felony child molesting – in explaining the sentence it imposed.