## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 23 2020, 8:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah J. Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kyle Goddard,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 23, 2020

Court of Appeals Case No.
20A-CR-1205

Appeal from the Decatur Circuit Court

The Honorable Timothy B. Day, Judge

Trial Court Cause Nos.
16C01-1901-F6-5
16C01-1901-F6-28

**Bradford, Chief Judge.**

# Case Summary

[1]     Kyle Goddard was sentenced, under two different cause numbers, to an aggregate 1080-day sentence after he pled guilty to and was convicted of Level 6 felony possession of methamphetamine, Level 6 felony possession of a narcotic drug, and Class C misdemeanor possession of paraphernalia.  The trial court ordered that 850 days of Goddard's sentence be suspended to probation.  While Goddard was serving his suspended sentence, the State alleged that Goddard had violated the terms of his probation by failing to complete a court-ordered drug-treatment program, committing two new criminal offenses, consuming illegal drugs, and failing to report to probation.  Goddard subsequently admitted, and the trial court found, that he had violated the terms of his probation.  The trial court then revoked Goddard's 850-day suspended sentence and ordered that Goddard serve the entire sentence in the Department of Correction ("DOC").  On appeal, Goddard contends that the trial court abused its discretion by revoking his 850-day suspended sentence and ordering him to serve the full 850 days in the DOC.  We affirm.

# Facts and Procedural History

[2]     On April 30, 2019, Goddard pled guilty under cause number 16C01-1901-F6-5 ("Cause No. F6-5") to Level 6 felony possession of methamphetamine and Class C misdemeanor possession of paraphernalia.  The trial court imposed an aggregate 540-day sentence with 536 days suspended to probation.  The same day, Goddard pled guilty under cause number 16C01-1901-F6-28 ("Cause No.

F6-28") to Level 6 felony possession of a narcotic drug. The trial court imposed a 540-day sentence with 314 days suspended to probation. The trial court ordered that the sentence for F6-28 was to be served consecutively to the sentence imposed in Cause No. F6-5.

[3] As conditions of his probation, Goddard was ordered, *inter alia*, to: not commit any criminal acts, refrain from consuming illegal substances, enroll in and successfully complete a court-ordered substance-abuse treatment program, and report to his probation officer as directed. On July 2, 2019, the State filed two petitions to revoke Goddard's probation, alleging that Goddard had violated the terms of his probation by failing to complete the court-ordered substance-abuse treatment program, committing two new criminal acts, consuming illegal drugs, and failing to report to probation as directed.

[4] On June 9, 2020, Goddard admitted, and the trial court found, that he had violated the terms of his probation. The trial court revoked Goddard's 850-day suspended sentence and ordered that Goddard serve the entire sentence in the DOC. In doing so, the trial court recommended that Goddard be placed in a purposeful-incarceration program and indicated that it would consider a petition for a sentence modification upon completion of the program.

# Discussion and Decision

Goddard appeals the trial court's order revoking his probation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).

> The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

*Id.* (internal citations omitted). In challenging the revocation of his probation, Goddard argues that the trial court abused its discretion by revoking his entire 850-day suspended sentence. Specifically, he argues that the trial court should have imposed a more lenient sentence in light of his addiction issues and his then-unborn child's diagnoses with a fatal disease and short life expectancy.

The record reveals that Goddard committed numerous violations of the terms of his probation. About two months into his probation, Goddard made the unilateral decision to quit his court-ordered treatment at Todd's Transitional Housing after having used heroin throughout his treatment period. A few weeks later, on July 7, 2019, Goddard was charged with Level 4 felony burglary and Level 6 felony residential entry for acts which allegedly occurred on July 4,

2019. Goddard also failed a drug screen at the end of July and later failed to report to probation for about three months.

[7] The record further reveals that the trial court considered Goddard's requests for leniency due to his addiction issues and his then-unborn child's diagnosis and short life expectancy. The trial court considered Goddard's request to be placed on home detention but heard evidence that home detention might not be a possibility at the time of sentencing. In sentencing Goddard, the trial court indicated that it was not "unsympathetic" to Goddard's position, recommended that Goddard be assigned to the purposeful incarceration program aimed at treating addiction, and indicated that it would consider a petition for sentence modification upon Goddard's successful completion of the program. Tr. Vol. II p. 22.

[8] As the State points out, the trial court initially granted Goddard leniency and the opportunity for treatment. Goddard, however, failed to take advantage of the treatment opportunities provided to him while he was on probation. Based on the facts before us, we conclude that the trial court did not abuse its discretion by revoking Goddard's 850-day suspended sentence. *See Sanders v. State*, 825 N.E.2d 952, 957–58 (Ind. Ct. App. 2005) (providing that the trial court "had ample basis for its decision to order" Sanders to serve her suspended sentence when the evidence established that Sanders had admitted several probation violations, including that she had (1) committed new criminal offenses, (2) tested positive for drugs, and (3) failed to appear for an appointment with her probation officer).

The judgment of the trial court is affirmed.

Kirsch, J., and May, J., concur.